JOHN KELLY, Respondent, *v.* NELSON J. WATERBURY, Appellant.

In an action for libel, the libelous matter was alleged in the complaint to have been contained principally in a letter written and published with the advice and assistance of defendant. The particular portions of the letter complained of were set forth specifically. Defendant, in his answer, admitted the publication; that it was with his advice and assistance, and

that it contained the words set forth in the complaint, but alleged that they were not true and correct extracts, but were garbled and incomplete ; also, that the letter, as to the matters stated in the complaint, was true. A copy of the letter, which was very voluminous and contained much irrelevant matter, was annexed to and made part of the answer. The letter was, on plaintiff's motion, stricken out. *Held* no error ; that, under the answer, the defendant could, on the trial, show the context, or at least so much thereof as might tend to explain the sense in which the alleged libelous words were used ; but this was a rule of evidence, not of pleading, and it was not necessary for that purpose that the letter should be made part of the answer.

The answer set up a justification which was prefaced by a statement to the effect that the defendant, in order to show that the several statements contained in the alleged libels are true, " states and alleges as follows." This introductory statement was also stricken out on motion. *Held* no error; that it was not necessary to characterize the defense, as whether it contained a justification was to be determined by its averments, and it could not be aided, enlarged or improved by such a clause characterizing it or expressing its purpose.

(Submitted November 22, 1881 ; decided December 13, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made at the May Term, 1881, which modified, and affirmed as modified, an order of Special Term, striking out certain portions of defendant's answer herein.

The nature of the action, and the substance of the pleadings are set forth in the opinion.

*Nelson J. Waterbury* appellant in person. The defendant has a right to include in the issue the whole of the publication alleged to be libelous, and so much of the order appealed from as is in contravention of this right should be reversed. (2 Starkie on Slander and Libel, 85, 320; *Cooke* v. *Hughes*, 1 Ryan & Moody, 112, 114; *Rex* v. *Lambert*, 2 Campbell, 398, 399, 400; *Culver* v. *Van Auden*, 4 Abb. Pr. 375, 379 ; *Weaver* v. *Lloyd*, 1 Carr. & P. 295 ; *Deyo* v. *Brundage*, 13 How. Pr. 222; New Code, § 500 ; Old Code, § 149 ; 1 Starkie on Slander, 377, 380, 382.) The defendant has a right to allege that the matters set forth in the fifth (now fourth) answer were pleaded in justification. (*Armsby* v. *Douglass*, 2 Abb. Pr. 407, 408,

Statement of case.

*Sayles* v. *Wooden*, 6 How. Pr. 84, 86; *Fry* v. *Bennett*, 5 Sandf. 54, 69; Adgers on Libel, 177 and note *a*, Am. ed.; *Bennett* v. *Matthews*, 64 Barb. 410, 416; *Root* v. *King*, 7 Cow. 613; New Code, §§ 535, 536; Old Code, § 165; *Taylor* v. *Church*, 8 N. Y. 452, 459.)

*Henry L. Clinton* and *George W. Wingate* for respondent. A party must plead the facts upon which he relies as a cause of action or defense, and not the evidence of those facts. (Code, §§ 142, 149 ; *Wooden* v. *Strew*, 10 How. 50 ; *Lawrence* v. *Wright*, 2 Duer, 674; *Mann* v. *Wormwood*, 5 Sandf. 566 ; *Williams* v. *Wilson*, 8 Ad. & Ellis, 314.) The correspondence is mere evidence, and not proper to be pleaded. (*Bennett* v. *Matthews*, 64 Barb. 414; *Hager* v. *Tibbits*, 2 Abb. [N. S.] 102.) Matter in defense to be pertinent and relevant must relate to allegations in the complaint essential to the cause of action. (*Perkins* v. *Squier*, 1 Sup. Ct. 621; *People* v. *McCumber*, 18 N. Y. 321; *Woods* v. *Morrell*, 1 Johns. Ch. 103.) Sham and irrelevant defenses may be stricken out on motion, whether they comprise the entire answer, or separate defenses contained therein. (*Strong* v. *Sprout*, 53 N. Y. 497.) Facts desired to be proved in mitigation of damages must be distinctly and specifically pleaded as such, as otherwise the plaintiff will have no right to infer that they are relied upon as a defense, and upon that ground may properly demur. (*Hager* v. *Tibbits*, 2 Abb. [N. S.] 97, 102; *Fry* v. *Bennett*, 5 Sandf. 54, 74, 75; *Matthews* v. *Beach*, id. 264; *Newman* v. *Otto*, 4 id. 668 ; *Ayres* v. *Colville*, 18 Barb. 261, 265 ; *Bennett* v. *Matthews*, 64 id. 414.) Even matters alleged by way of mitigation of damages, which do not in law constitute an excuse for the defendant's publications, will be stricken out. (*Russ* v. *Brooks*, 4 E. D. Smith, 644; *Dolevin* v. *Wilder*, 34 How. 488, 491; *Van Beschoten* v. *Yaple*, 13 How. 97; *Brown* v. *Orvis*, 6 How. 376, 378, 379 ; *Daly* v. *Byrne*, 1 Abb. N. C. 150.) The suggestions or insinuations of hatred, prejudice, popular clamor, and common gossip are always inadmissible in an answer. (*Graham* v. *Stone*, 6 How. Pr. 15 ; *Anonymous*, 15 Abb. [N. S.] 311 ; *Klein* v. *Klein*, 11 id. 450.)

EARL, J. This action was brought by the plaintiff against the defendant, to recover damages on account of libels alleged to have been published by the defendant, in which the plaintiff was charged with various frauds, crimes and disgraceful acts. The libels complained of were alleged to have been contained in a letter and telegram published by the defendant, and mainly in a letter addressed ·to the plaintiff by Wm. F. Havemeyer, and published in the New York *Herald*, which letter is alleged to have been written and published with the advice and assistance of the defendant. The particular portions of this letter complained of are specifically set forth in the complaint. The defendant, in his answer, admits the publication of the letter ; that it was written and published with his advice and assistance, and that it contained the words alleged to be libelous, and set forth in the complaint, but he denies, that such words are true and complete extracts from the letter, and alleges that they are garbled and incomplete. He also denies that the letter was false in respect to any of the matters stated in the complaint. He admits, generally, that it was intended in the letter to charge the various frauds, crimes and disgraceful acts stated in the letter, and referred to in the complaint. He alleges that the letter was published, without malice and with an honest purpose which is set forth, and he makes some denials of the allegations contained in the complaint, which it is not important to notice here. He also sets up in his answer a substantial justification of the charges made in the libels. He also annexed to his answer, and made a part thereof, a copy of the Havemeyer letter.

The letter is very voluminous, covering about forty of the printed·pages of the case. It contains much irrelevant matter and goes extensively into the details of the matters charged against the plaintiff. That letter was stricken out in the Supreme Court upon the motion of the plaintiff, as irrelevant, and the principal complaint of the defendant here is, that it was so stricken out. We are of the opinion that this complaint is not well founded. The plaintiff alleges certain specific libels. The defendant does not specifically deny the charges against the

plaintiff alleged in the complaint, but admits that the letter contained the language set forth in the complaint. Under his averment that the words used in the complaint are not true and complete extracts from the letter, but garbled and incomplete extracts, he may upon the trial show the context, or at least so much of the letter, as may tend to explain the sense in which the alleged words were used. The general rule is undoubtedly as stated by the defendant in his brief submitted to us : " The publication is to be judged as a whole, so that its animus, language, scope and object may be fully passed upon, and the party claiming to be aggrieved cannot sever a few words here and there from the context, and restrict the issue to an aggravated or distorted case." The same rule is stated by Starkie in his treatise on the law of Slander and Libel (Vol. 2, p. 85) as follows : " The defendant, according to the ordinary rule, is entitled to have the whole of the alleged libel read, or the whole of the conversation in which the slander was spoken detailed in evidence. * * * * Where it plainly appears from the context, that the words were not used in a felonious sense, the plaintiff will be nonsuited upon his own showing." And to the same effect are the following cases : *Cooke* v. *Hughes* (1 Ryan & Moody, 112); *Rex* v. *Lambert* (2 Campbell, 398); *Culver* v. *Van Anden* (4 Abb. Pr. 375). These authorities prescribe a rule of evidence, not a rule of pleading, and within the principles laid down in them, upon the trial of this action, the plaintiff must prove the libels alleged so far as they are not admitted in the answer, and then the defendant may read in evidence any parts of the letter containing the libels, which are fairly connected with, relate to, or are explanatory thereof, for the purpose of qualifying the libels as proved, or of showing the intention and mind of the defendant in making the charges contained in the libels alleged in the complaint; and for that purpose, it was not necessary that the letter, with all its details, should be annexed to his answer. So much, it cannot be doubted, he may do, under the pleadings as they exist. Hence no harm was done him by striking out the letter from his answer.

The fifth defense set up in the answer is a justification of the libelous charges made, and it was introduced as follows: "And for a fifth and separate answer and defense, the defendant (in order to show that the several statements contained in the said telegram, and the said letters hereunto annexed, marked 'A' and 'B,' upon which this action is brought, and each and every of them are true, and that none of the said statements are false, defamatory or libelous) states and alleges as follows." All the words contained in this paragraph, within the parenthesis, were also stricken out in the Supreme Court, and of this also the defendant complains. We are unable to see that the words stricken out were relevant or necessary. It was unnecessary to name or characterize that defense. The language used in it shows that it was clearly intended as a justification of the libelous charges. Whether a defense contains a justification must be determined by the language used in it, and the defense cannot be aided, enlarged, or improved by such an introductory clause characterizing it or expressing its purpose.

We recognize the importance of this case and its great interest to the parties; and in reaching our conclusion that the order appealed from should be affirmed, we feel quite confident that, under the pleadings as they now exist, the issues between the parties upon the alleged libels can be fairly and fully litigated, and the rights of both parties vindicated and protected, so far as they are involved in this action.

The order should be affirmed, with costs.

All concur.

Order affirmed.