BOYD *v.* McDONALD.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

PLEADING—COUNTER-CLAIM.

In an action against a stockholder of a corporation to enforce his statutory liability for a debt of the corporation, one paragraph of his answer pleaded payment of the debt by one J., the president of the company, and that the note was kept alive for the benefit of the real party in interest. Another paragraph set up as a counter-claim false representations by said J., and other directors of the company, by which defendant was induced to purchase stock, and was damaged; but it did not refer to the allegation in the preceding paragraph that J. was the real party in interest, nor contain any allegation to that effect, or as to any relations between J. and plaintiff. *Held,* that it failed to state any cause of action constituting a counter-claim.

Appeal from special term, New York county.

Action by Theodore C. Boyd against Angus J. McDonald. Defendant appeals from an interlocutory judgment sustaining plaintiff's demurrer to a counter-claim set up in a paragraph of the answer.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Evarts, Choate & Beaman,* (*Treadwell Cleveland,* of counsel,) for appellant. *Jennings & Russell,* (*Frederic B. Jennings,* of counsel,) for respondent.

VAN BRUNT, P. J. The complaint alleges the incorporation of the California Land & Timber Company, under the laws of California, with a capital stock of $1,000,000, divided into 10,000 shares, and that, at the time the debt therein set forth was incurred, 6,000 shares of capital stock had been subscribed, and no more; that at the time said debt was contracted the defendant was the owner and holder, and there stood in his name upon the books of the corporation 400 shares of the capital stock of the corporation; that on said date the said corporation duly made and executed to one Davidson its promissory note, payable 30 days after date, for $10,000, and at the time of the making of said note one James T. Boyd was the president, and H. I. Nation was the secretary, of said company, they being the parties who executed the note on its behalf; and that in March, 1888, said Davidson for a good and valuable consideration assigned, transferred, and delivered the promissory note in question to the plaintiff, who thereupon became, and still is, the lawful owner and holder

thereof. The complaint then sets up section 322 of the Civil Code of the state of California, which provides that the stockholders of a corporation shall be individually and personally liable for such proportion of its debts and liabilities as the amount of the stock owned by him bears to the whole subscribed capital stock of the corporation. Then follows the allegation that the note had not been paid, and a demand of judgment against the defendant for the sum of $666.66. The defendant, by his answer, admits the incorporation of the California Land & Timber Company, but, for want of knowledge and information, denies the allegations as to the issuance of the stock. He admits that, at the time the alleged debt or liability is stated to have been incurred, he was the owner of 400 shares of the capital stock of said company. The balance of the complaint he denies. By the tenth paragraph of his answer, and for a further and separate defense, he alleges that said James T. Boyd, on or about the 23d of March, 1888, paid this note to Helena Davidson, and that, in order that the alleged claim of said Davidson might be kept alive against the company or its stockholders, or both, for the benefit of said James T. Boyd, said obligation was transferred nominally by said Davidson to the plaintiff's (James T. Boyd's) brother; and the answer alleged that the real party in interest was the said James T. Boyd. By the eleventh paragraph of the answer, the defendant for a further and separate defense by way of counter-claim alleged upon information and belief certain representations made by the agent of James T. Boyd and the other directors of the company to the defendant to induce the purchase of certain shares of stock, which representations were false, and that the defendant, relying thereon, purchased the stock, and was damaged to a large amount. The plaintiff demurred to the defense set up in the tenth paragraph, upon the ground that it was insufficient in law upon the face thereof; and to the eleventh paragraph, upon the grounds— *First,* that the alleged counter-claim is not of the character specified in section 501 of the Code, or one that is available to the defendant; and, *second,* that the said counter-claim does not state facts sufficient to constitute a cause of action. Upon the hearing of this demurrer by the court below, the demurrer to the tenth paragraph was overruled, and the demurrer to the defense, by way of counter-claim in the eleventh paragraph of the answer, was sustained, and from the interlocutory judgment thereupon entered, this appeal is taken.

The whole argument of the appellant to sustain this appeal rests upon some supposed allegation contained in the counter-claim that this action was being prosecuted for the benefit of James T. Boyd, and that the question as to the validity of the counter-claim was to be treated in the same manner as though James T. Boyd was the plaintiff in the action. We have examined the counter-claim in vain to find any such allegation. It is true that it is alleged in the tenth paragraph that James T. Boyd is the real party in interest; but that allegation relates only to the defense set up in that answer, namely, the defense of payment. When we come to the counter-claim, we find no such allegation. It is a familiar rule of pleading that a defendant may set forth in his answer as many defenses or counter-claims as he chooses; but it is equally well settled that each defense or counter-claim must be separately stated and numbered, (section 507, Code Civil Proc.,) and therefore each defense and counter-claim must be complete in itself, and allegations contained in another part of the answer, not referred to in the counter-claim, cannot avail to help out the pleading. In the case at bar, the counter-claim contains no allegations of any relations between James T. Boyd and the plaintiff. It contains no reference to any allegations contained in the separate answer wherein it is alleged that James T. Boyd was the real party in interest. Under such circumstances, the allegations in the counter-claim utterly failed to state any cause of action which the defendant might avail himself of either as a counter-claim or set-off. Under this condition of the pleadings, it is clear that the demurrer was well taken, and, although the decision in the court below did

not proceed upon this ground, yet still it seems to be apparent; and it is not necessary to discuss the other questions raised as long as this defect exists. The judgment should be affirmed, with costs, with leave to defendant to amend the answer in respect to the counter-claim upon payment of costs of the appeal, and of the court below. All concur.