## DETERMINED IN THE

# FIRST DEPARTMENT

### AT

# GENERAL TERM,

## June, 1895.

---

STATE OF SOUTH DAKOTA, Appellant, v. JOHN T. MCCHESNEY, Respondent, Impleaded, etc.

*An affirmative defense (except a counterclaim), cannot include a denial.*

An affirmative defense, not including a counterclaim, necessarily admits and avoids the cause of action set out in the complaint, and a denial, general or specific, cannot be included in and form a part of such defense.

A denial, general or specific, may be pleaded in the same answer as a separate defense, but not as a part of a plea of new matter.

In an action brought to recover on a bond executed by a surety the complaint alleged that the principal in the bond was a defaulter in a sum exceeding the penalty thereof. The answer contained several specific denials which were set forth in the first defense. In all the other defenses new matter was set up, and in all of them appeared the statement that the defendant "reiterates the denials of the first defense and alleges," etc.

*Held*, that a motion by the plaintiff to strike out such statement should be granted.

APPEAL by the plaintiff, the State of South Dakota, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of April, 1895, denying its motion to strike out certain parts of the answer of the defendant, John T. McChesney.

*John S. Melcher*, for the appellant.

*Charles A. Deshon*, for the respondent.

PER CURIAM:

This action was begun February 11, 1895, to recover on a bond executed by the defendant as surety for William W. Taylor, the

treasurer of the plaintiff. It is alleged that the treasurer is a defaulter to the State in a sum exceeding the penalty of the bond. The answer does not contain a general denial — a denial of all the allegations in the complaint — but there are several specific denials set forth in the first defense. In all the other defenses, second to eighth, inclusive, new matter is set up as defenses, and in all of them the following words appear which the plaintiff moves to strike out: "Reiterates the denials of the first defense and alleges." Then follows the new matter.

An affirmative defense, not including a counterclaim, necessarily admits and avoids the cause of action set out in the complaint, and a denial, general or specific, cannot be included and form a part of such defense. A denial, general or specific, may be pleaded in the same answer as a separate defense, but not as a part of a plea of new matter. "It is elementary that a defense of new matter should be pleaded; and as new matter must of necessity be a distinct defense from a denial, it follows that it cannot properly be associated or mingled up with denials, general or specific, in one paragraph or plea." (Pom. Code Rem. § 690.) By permitting a general or specific denial to be joined with an affirmative defense, a plaintiff would be effectually deprived of the right to demur to the new matter pleaded as an affirmative defense. In case an action should be brought to recover on a contract for the payment of money, and the defendant should plead as a separate defense that the contracting parties being more than fifty years of age, the contract was void, and then conclude the new matter with a general or specific denial, the plaintiff could not safely demur to the defense. In the case supposed the plaintiff could move to strike out the new matter as frivolous; but in case the new matter should require argument to show that the defense was frivolous, the validity of the defense could not be tested on motion.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.