JOSEPH H. WHITE, Appellant, *v.* JOHN KOSTER and ALBERT BIAL, Respondents.

*Motion to compel a pleading to be made more definite and certain — not allowed so as to disclose evidence — denials cannot be incorporated into an affirmative defense.*

As an affirmative defense, not including a counterclaim, necessarily admits and avoids the cause of action set out in the complaint, a denial, general or specific, cannot be included in and form a part of such defense. A denial may be pleaded in the same answer as a separate defense, but not as a plea of new matter.

In an action brought to recover damages, alleged to have been sustained by the breach of a contract, the complaint alleged that the plaintiff's assignor entered into a contract with the defendants by which she agreed to take part in certain theatrical performances to be given by the defendants; that she was induced to make such contract by the representations of the defendants that they had a variety theatre in which they were authorized to conduct a theatrical business; that the defendants did not have, at the time of the making of the contract or during the period provided for its continuance, a theatrical license allowing them to conduct a theatre of any kind at such place.

The answer alleged possession of a place on Twenty-third street in New York city by the defendants where public performances, of such character as that contemplated in the contract, could lawfully be given, and that the defendants held a license from the mayor of New York to maintain such place for public performances.

# 484                    WHITE *v.* KOSTER.

A motion was made by the plaintiff to make the answer more definite and certain by stating the character of the license which the defendants held from the mayor of the city of New York to maintain such place of amusement on Twenty-third street.

*Held,* that the answer definitely and certainly put in issue the allegations of the complaint referred to and that more than that the plaintiff was not entitled to have upon such a motion.

The defendants alleged at the opening of their second defense as follows:

"Reiterating the denials and repeating the allegations contained in their first defense." The notice of motion aforesaid also asked that there be stricken out from the second defense the words "the defendants reiterating the denials and repeating the allegations contained in their first defense," on the ground that denials and new matter could not be joined together, and to strike out the rest of the matter contained in said second defense as sham.

*Held,* that while the defendants' attempt to repeat the denials contained in their first defense was error, they had the right to incorporate the affirmative allegations of the first defense in the second one either by repeating them or by such reference as should make them a part of the affirmative defense; that the motion was, therefore, too broad.

APPEAL by the plaintiff, Joseph H. White, from an order of the Supreme Court, made at the New York Special Term on the 30th day of April, 1895, and entered in the office of the clerk of the county of New York, denying the plaintiff's motion to compel the defendants to make more definite and certain an allegation contained in the answer to the amended complaint, and also to strike out certain matter contained in said answer.

*Jacob Fromme,* for the appellant.

*Francis G. Kimball,* for the respondents.

PER CURIAM:

The order appealed from denied plaintiff's motion to make certain allegations of the answer more definite and certain, by stating the character of the license which defendants held from the mayor to maintain a place of amusement at Twenty-third street. The complaint alleged a contract with the plaintiff's assignor, Marie Lloyd, by which she agreed to take part in certain performances to be given by the defendants for a period of nine weeks, and that she was induced to make such contract by the representations of the defend-ants that they had a variety theatre on Twenty-third street, near Sixth avenue, in the city of New York, where they were author-

ized to conduct a theatrical business. But that the defendants did not have, at the time of the making of the contract, or during the period provided for its continuance, a theatrical license allowing them to conduct a theatre of any kind at such place. The answer alleges possession of a place on Twenty-third street by the defendants, where public performances of such character as that contemplated in the contract could lawfully be given; and that they held a license from the mayor to maintain such place for such public performances. The answer, therefore, definitely and certainly put in issue the allegations of the complaint referred to, and more than that the plaintiff is not entitled to have on a motion of this character.

What he seeks to obtain is the evidence upon which the defendants rely to support their denials of plaintiff's allegations, and their affirmative allegations that they held a license from the mayor authorizing them to give such performances as the contract contemplated.

That evidence the Special Term properly decided they were not entitled to have, under the guise of making the answer more definite and certain.

The defendants opened their second defense with the phrase: "Reiterating the denials and repeating the allegations contained in their first defense." As an affirmative defense, not including a counterclaim, necessarily admits and avoids the cause of action set out in the complaint, a denial, general or specific, cannot be included in and form a part of such defense.

A denial may be pleaded in the same answer as a separate defense, but not as a plea of new matter. (*State of South Dakota* v. *McChesney,* 87 Hun, 293.)

But while the defendants' attempt to repeat the denials was error, they had the right to incorporate the affirmative allegations of the first defense in the second one, by either repeating them or by such reference as should make them a part of the affirmative defense. The motion was, therefore, too broad, and the moving party was not entitled to have his motion prevail to the extent asked. The denial of his motion, therefore, does not call for reversal.

The order should be affirmed, with ten dollars costs and printing disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order affirmed, with ten dollars costs and disbursements.