(61 App. Div. 139.)

FINCH v. SIMON et al.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

1. LANDLORD AND TENANT—RENT—RELEASE—CONSIDERATION.
    Where a release from liability for rent of premises is under seal, a sufficient consideration for such release is presumed.

2. SAME—EVIDENCE—PRESUMPTION—REBUTTAL.
    The presumption of a sufficient consideration attached to a release from liability for rent under seal cannot be rebutted, not being within Code Civ. Proc. § 840, providing that a seal on an executory instrument is only presumptive evidence of a sufficient consideration.

3. SAME—RELEASE OF PARTNER—EFFECT ON FIRM.
    Under Code Civ. Proc. § 1942, providing that a joint debtor may make a separate composition with his creditor, as prescribed in such section; that a member of a firm cannot thus compound for a firm debt until the partnership had been dissolved, and in that case the instrument must release him from all liability incurred by reason of his connection with the

firm,—a release by the lessor of premises "of and from all claims against" a partner "individually and as co-partner" for rent of certain premises occupied by the partnership, such partnership not having been dissolved, will release the partnership.

Appeal from trial term, New York county.

Action by Frank H. Finch against Samuel Simon, Jr., and others. From a judgment in favor of plaintiff and an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Abram Kling, for appellants.

Everett Masten, for respondent.

INGRAHAM, J. The action is brought against the defendants as co-partners. The complaint alleges that during all the times therein set forth the said firm of J. R. Simon & Co. and the defendants I. Jones Corbin and Adrian Hitt were co-partners in business under the firm name and style of the Simon Manufacturing Company; and that the said defendants hired from one Thompson, the plaintiff's assignor, certain premises in Jersey City; and it is to recover the rent of such premises from October, 1894, to January 1, 1897, that the action was brought. There is no allegation in the complaint that the co-partnership was ever terminated, or had been dissolved. The summons and complaint were served January 21, 1897. The complaint alleges that the defendants occupied the said premises down to and including the 1st day of January, 1897. The appellants, by supplemental answer, alleged that the plaintiff had released one of the defendants (Corbin) from the claims and causes of action set up in the complaint by a general release in writing and under seal, and that thereby the defendants were discharged, as the said co-partnership alleged in the complaint had never been dissolved, either by consent of the alleged partners or in any other way. Corbin, one of the alleged co-partners, was called on behalf of the defendants. He proved the execution and delivery of a release under seal, by which the plaintiff forever released and discharged the said Corbin, his heirs, executors, or administrator, from all claims or judgments, either in law or equity, and particularly of and from all claims against said Corbin, individually and as co-partner, for rent, use, and occupation of premises in Jersey City, for which this action was brought. Corbin testified that at the time this instrument was executed he was in the West; that the plaintiff wanted his presence at the trial, and he decided to come back to New York, incurring all the expenses, upon the consideration that the plaintiff release him from all liability. The release was to be held in escrow by Corbin's attorney until he testified at the trial. This was not disputed by the plaintiff, and at the end of the trial the defendants moved to dismiss the complaint, or for the direction of a verdict, upon the ground that the delivery of this release discharged the other joint debtors. This motion was denied, and the defendant excepted. We think this motion should have been granted. It is not disputed but that at common law a release as to one joint debtor is a release of the liability of the others. "It is a well-settled rule that a

release to one of several obligors, whether they are bound jointly or jointly and severally, discharges the others, and may be pleaded in bar." Rowley v. Stoddard, 7 Johns. 209. The release pleaded in this action was in form a general release under seal, releasing one joint debtor from the obligation which this action sought to enforce against his co-obligors. This release was actually delivered, and effectively released this joint debtor; and, as against the joint debtor thus released, the complaint was dismissed, with costs. The court left it for the jury to say whether the co-partnership had ever been dissolved, and the jury, by their verdict, must have found that there was such a dissolution. There was, however, absolutely no evidence to sustain such a conclusion. The complaint alleged that the defendants continued in possession of the leased premises down to the 1st day of January, 1897, and this release was executed on the 18th day of October, 1897, and there certainly was nothing in the record to show that between the 1st day of January, 1897, and the 1st day of October, 1897, any partnership or joint adventure that existed had been dissolved. Nor is the fact that no actual consideration in money was ever received from the co-obligor released at all material. The release being under seal, a sufficient consideration was presumed; and that presumption cannot be rebutted, the release not being within section 840 of the Code of Civil Procedure. None of the cases cited by the plaintiff apply, as in none had there been a general release under seal which was effective in discharging a joint debtor from his obligations. Unless this obligation was preserved by section 1942 of the Code, these appellants were discharged. That section provides that a joint debtor may make a separate composition with his creditor as prescribed in this section; that "a member of a partnership cannot thus compound for a partnership debt, until the partnership has been dissolved by consent or otherwise. In that case the instrument must release or exonerate him from all liability incurred by reason of his connection with the partnership." In Harbeck v. Pupin, 123 N. Y. 119, 25 N. E. 312, it was said that:

"A member of a partnership cannot be discharged under this section till the partnership has been dissolved by consent or otherwise, and then the instrument must release or exonerate from all 'liability incurred by reason of his connection with the partnership.' A compliance with this section does not impair the creditor's right of action against any other joint debtor."

There is nothing to show that the partnership had ever been dissolved by consent or otherwise; nor does the release in form release the joint debtor from all liability by reason of his connection with the partnership. The release is "of and from all claims against said Corbin, individually and as co-partner, for rent, use, and occupation of premises in Jersey City, assigned to me by A. A. Thompson, upon which claims I have brought suit in the New York supreme court against said Corbin and others, which is now pending in said court." Plaintiff sued as assignee, and it cannot be presumed that he had no other cause of action against the co-partnership or against Corbin in connection with the co-partnership. It follows, therefore, that the release of Corbin discharged his co-debtors, and for that reason the complaint should have been dismissed.

The judgment and order must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.