(41 Misc. Rep. 572.)

## BLAUT v. BLAUT.

(Supreme Court, Special Term, New York County.   November, 1903.)

**1.** PLEADING—DEFENSES IN ANSWER.
    An answer containing a separate defense and a counterclaim is bad
    where the defense and the counterclaim begin with the recital that the
    defendant "reiterates all the admissions and denials contained in para-
    graphs 1 to 9 of this answer, inclusive," such reiterated denials being
    irrelevant and redundant.

**2.** SAME—STRIKING OUT.
    As a defense containing a general denial is not demurrable, though
    other matter pleaded therein constitutes no defense, such other matter
    will be stricken out, under Code Civ. Proc. § 545.

**3.** S; M ;—DEMURRER.
    Plaintiff can test a counterclaim by demurrer.

Action by Joseph F. Blaut against Elise Blaut.   Motion to strike
out certain parts of pleading.   Granted.

Nathan, Leventritt & Perham (Harold Nathan, of counsel), for
plaintiff.

Blumenstiel & Blumenstiel (Edwin Blumenstiel, of counsel), for
defendant.

CLARKE, J.   In the first nine paragraphs of the answer the de-
fendant specifically admits or denies the several allegations of the
complaint.   Then follow four separate defenses and a counterclaim.
Each of these defenses and the counterclaim begins with a recital
that the defendant "reiterates all the admissions and denials contain-
ed in paragraphs 1 to 9 of this answer inclusive, and" alleges
* * *.   Motion is made to strike out the words in quotation.   It
is well settled, as contended by the defendant, that an affirmative
defense or a counterclaim must be treated as a separate plea, and
that, upon demurrer thereto, defendant is not entitled to the benefit
of denials made elsewhere in the answer unless incorporated in the
separate plea.   Douglass v. Phenix Ins. Co., 138 N. Y. 209, 33 N.
E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448; Boyd v. McDonald
(Sup.) 12 N. Y. Supp. 356; Roldan v. Power, 14 Misc. Rep. 480,
35 N. Y. Supp. 697.   Moreover, "it is not essential that a separate
count in an answer setting forth a counterclaim should contain in
itself all the allegations requisite to a perfect counterclaim.   It may
refer to other parts of the answer or to the complaint, and the matters
thus referred to are to be considered a part of the count as if written
at length therein."   Cragin v. Lovell, 88 N. Y. 258.   But the de-
fendant will not be permitted to incorporate by reference and plead
irrelevant and redundant matter, and the same may be stricken out
upon the motion of a person aggrieved thereby.   Code Civ. Proc.
§ 545.   In this case the reiterated recitals are irrelevant and redun-
dant.   The denials can be proven under the first nine paragraphs of
the complaint, and their repetition does not strengthen the plaintiff's
pleading.   They are not a necessary or proper part of the separate

¶ 3. See Pleading, vol. 39, Cent. Dig. § 447.

defenses. The very theory of an affirmative defense is that without denial of the allegations of the complaint the defendant can defeat the plaintiff by new matter pleaded. Besides, the plaintiff is aggrieved by the presence of these denials. A defense which contains a general denial is not demurrable, even though the other matter pleaded does not constitute a defense. Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp. 244; Fletcher v. Jones, 64 Hun, 274, 19 N. Y. Supp. 47. And, therefore, as stated in State of South Dakota v. McChesney, 87 Hun, 293, 34 N. Y. Supp. 362: "By permitting a general or specific denial to be joined with an affirmative defense, a plaintiff would be effectually deprived of the right to demur to the new matter pleaded as affirmative defense." Code Civ. Proc. § 494. It has been repeatedly held that denials reiterated in affirmative defenses will, upon motion made, be stricken out. Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274; Waltham Mfg. Co. v. Brady, 67 App. Div. 102, 73 N. Y. Supp. 540; White v. Koster, 89 Hun, 483, 35 N. Y. Supp. 369; Burkert v. Bennett, 35 Misc. Rep. 318, 71 N. Y. Supp. 144; Zacharias v. French, 10 Misc. Rep. 202, 30 N. Y. Supp. 945. While a counterclaim, unlike an affirmative defense, does not necessarily admit the allegations of the complaint, and seek to avoid the same, yet the plaintiff has the same right to test the sufficiency or propriety of a counterclaim by demurrer as he has to test an affirmative defense. Therefore general denials, the presence of which would defeat plaintiff's right to demur, will be stricken out when they are not a necessary part of the counterclaim. In the case at bar the counterclaim as pleaded contains all requisite allegations without the recital of the general denials.

The motion is granted, with $10 costs, defendant to serve an answer, amended in conformity with order entered hereon, within 5 days after service of said order, plaintiff to reply or demur within 10 days after service of amended answer. Ordered accordingly.