### A. G. HYDE & SONS v. LESSER.

(Supreme Court, Appellate Division, First Department. April 22, 1904.)

**1. DEFECT OF PARTIES—DEMURRER.**

Under Code Civ. Proc. § 488, subd. 6, providing that defendant may demur for defect of parties, and sections 498 and 499, declaring that, where any of the matters enumerated as grounds of demurrer do not appear on the face of the complaint, objection may be taken by answer, and that, if no objection is taken, the defendant is deemed to have waived it, an objection for defect of parties defendant to a complaint for fraudulent representations, alleging that plaintiff's assignor, relying on such representations, sold goods to the firm of which defendant was a member, must be taken by demurrer; the objection that the other partners were not defendants being apparent on the face of the complaint.

**2. SAME.**

In an action for fraudulent representations, in reliance on which plaintiff's assignor sold goods to a partnership of which defendant was a member, where rescission of contract and recovery of a portion of the goods are alleged, and recovery of the value of the balance is sought, the other partners were not necessary parties.

**3. BANKRUPTCY—DISCHARGE—DEBTS RELEASED.**

Under Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550, 551 [U. S. Comp. St. 1901, p. 3428], providing that a discharge in bankruptcy shall not release the bankrupt from debts created by his fraud, embezzlement, or defalcation while acting as an officer or in any fiduciary capacity, a discharge is not a release from liability for fraud, though such fraud was not perpetrated while acting as an officer or in any fiduciary capacity.

McLaughlin and Hatch, JJ., dissenting.

Appeal from Special Term, New York County.

Action by A. G. Hyde & Sons against Tobias Lesser. From a judgment sustaining a demurrer to the answer, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and HATCH, JJ.

Alexander Blumenstiel, for appellant.
James J. Allen, for respondent.

INGRAHAM, J. The action is brought to recover the damages sustained by the plaintiff by the sale of certain goods and merchandise, induced by the false and fraudulent representations of the defendant as to the financial condition of a firm of which the defendant was a member. The answer, after denying the allegations of the complaint, sets up two separate defenses, to which the plaintiff demurred. The first defense is that, at the time of the purchase of the goods and the creation of the debt set forth in the complaint, the defendant, with one Simon Lesser and Israel Lesser, were copartners in business, having the firm name of Lesser Bros.; that the goods sold by the plaintiff were sold to the firm of Lesser Bros. as a firm, and that the merchandise so purchased was received by the firm of Lesser Bros., and charged to the said firm by the plaintiff; and that Simon Lesser and Israel Lesser, as copartners, are necessary parties defendant.

¶ 3. See Bankruptcy, vol. 6, Cent. Dig. § 792.

For a second separate defense, the answer sets up a discharge in bankruptcy subsequent to the delivery of the goods to the firm of Lesser Bros., and prior to the commencement of this action. The court below sustained the demurrer to both defenses.

The complaint alleges that the plaintiff's assignor, relying upon statements made by the defendant as to the financial condition of the firm, did "sell and deliver to the said firm of Lesser Bros., at their requests, goods and merchandise consisting of cotton goods, to the amount and of the value of $2,335.82." If there was a defect of parties defendant, the defect appeared upon the face of the complaint, and the objection should have been taken by demurrer. Code Civ. Proc. § 488, subd. 6. It is only where the objection does not appear on the face of the complaint that it can be taken by answer. Code, § 498. And not having been taken by demurrer, it was waived. Code, § 499. The action, however, is not to enforce the contract of sale. The complaint alleges that upon discovering the fraud the plaintiff's assignor elected to rescind the sale as void, and instituted proceedings to recover the possession of the goods sold, which had been obtained by means of and relying upon the fraud, and recovered goods of the value of $900, but were unable to obtain the remainder of the goods, and that by reason of the premises the plaintiff's assignor wholly lost all of the said goods and merchandise so wrongfullly taken from them by the said firm of Lesser Bros., except the part replevied as aforesaid, to their damage in the sum of $1,423.90, with interest from the 2d day of October, 1896.

A cause of action based upon these allegations is to recover damages for the fraud, and not to recover for the goods sold and delivered, based upon any contract of the firm of which the defendant was a member. The rescission of the sale, and the recovery of the goods based upon the election to rescind, would prevent an action based upon the contract of sale, as that contract was rescinded by the vendors. Having recovered a portion of the goods, there only remained a cause of action for the damages caused by the fraud, and that cause of action is what is here sought to be enforced. If the action had been to enforce a contract of sale, then all of the partners would be necessary parties, as the contract was joint; but where the cause of action is based solely upon fraud of the defendant, and the recovery sought is the damages caused by such fraud, the action is in tort, and can be maintained against any one responsible for the fraud. It is quite clear, therefore, that the first separate defense is insufficient.

The second defense is based upon a discharge in bankruptcy, and the court below held that this cause of action was not affected by the discharge. Section 17 of the bankrupt act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 550, 551 [U. S. Comp. St. 1901, p. 3428]) provides that:

"A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as  *  *  *  were created by his fraud, embezzlement or defalcation while acting as an officer, or in any fiduciary capacity."

That the indebtedness here sought to be enforced was one created by the defendant's fraud is clear, and was not discharged, unless the words "in any fiduciary capacity" qualify the entire subdivision of the section, so that the debt was discharged unless the debt was created by the de-

fendant's fraud in a fiduciary capacity. Where a fraud has been committed, there follows a liability of the guilty party for the damages created by the fraud. The phrase, "while acting as an officer, or in any fiduciary capacity," has direct reference to a defalcation, and applies to a defalcation, and not to the former words in the paragraph, "fraud or embezzlement." This construction was affirmed in Frey v. Torrey, 70 App. Div. 167, 75 N. Y. Supp. 40, affirmed on opinion below in 175 N. Y. 501, 67 N. E. 1082. It was there said that the words "fraud," "embezzlement," and "misappropriation" are not qualified by the clause "while acting as an officer or in any fiduciary capacity." It is claimed by the learned counsel for the appellant that this case is not an authority, as the money there sought to be recovered was obtained by fraud where a fiduciary relation existed; but in that case the plaintiff deposited with the defendant, a private banker, $150, which he sought to recover, basing his cause of action upon a fraud of the defendant in receiving the deposits when he was hopelessly insolvent. No fiduciary relation exists between a banker and his customer, as by the deposit the customer becomes a creditor of the banker for the amount of the deposit. The decision in that case is a controling authority.

It follows that the judgment appealed from must be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur in the opinion of Mr. Justice INGRAHAM. Each of the defenses demurred to is pleaded as a separate and further defense, and the first subdivision of each recites that the defendant "reiterates all the allegations hereinbefore contained." The answer preceding the separate defenses contains allegations which deny material portions of the complaint, and which are incorporated by the recital in each separate defense. If the recitals were redundant, and seriously affected plaintiff's right to demur to the affirmative defense coupled with them, then they might have been stricken out on motion. Code Civ. Proc. § 545; Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274; State of South Dakota v. McChesney, 87 Hun, 293, 34 N. Y. Supp. 362. But so long as they remain, a demurrer cannot be successfully interposed, even though the new matter pleaded does not constitute a defense. This is precisely what this court has decided in at least two recent cases. Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp. 244; Holmes v. Northern Pacific Railway Company, 65 App. Div. 49, 72 N. Y. Supp. 476. These are still in force, and, so far as I am aware, have not been questioned. In view of them, I think the judgment appealed from should be reversed, and the demurrer overruled, with costs to the appellant in this court and in the court below.

HATCH, J., concurs.