(44 Misc. Rep. 299.)

BURNHAM v. FRANKLIN.

(Supreme Court, Special Term, New York County. July, 1904.)

1. LIBEL—PLEADING—ANSWER.

In an action for publishing in a monthly magazine concerning plaintiff an article charging him with perjury in making reports of the total income of a insurance company, verified as correct by him as president, and published by the insurance departments of several states, and placing it at a sum which he knew to be false, defendant cannot, in his answer, set up any more of the article than the part on which plaintiff seeks to recover, but may, by annexing a copy of the same, set up the article he published, and deny that he published the article as alleged by plaintiff.

2. SAME—PARTIAL DEFENSE—MITIGATION OF DAMAGES.

In an action for libel, portions of an article not pleaded by plaintiff may be set up as a part of a partial defense in mitigation of damages on being stricken out of the answer.

3. SAME—ANSWER.
        In an action for libel, allegations in the answer that plaintiff has un-
    successfully sued other publishers for libel are immaterial.

4. SAME.
        In an action for libel in charging defendant with perjury in swearing,
    as president, to a report of income of an insurance company, allegations
    of the answer that statements of the company to the state insurance de-
    partment show its assets decreasing, its liabilities increasing, and delayed
    payment of death claims, pleaded as separate partial defenses, are com-
    petent in mitigation of damages and on the question of malice.

5. SAME.
        Where the court has any doubt as to admissibility of matters set up
    in mitigation, they will not be stricken from the answer.

6. SAME.
        In an action for libel in charging plaintiff, president of an insurance
    company, with perjury in making his report, allegations of answer that
    defendant has examined the books containing the reports of the com-
    pany, and found the questions as to disbursements and income answered
    differently in different reports for the same year, are admissible in miti-
    gation of damages and on the question of malice.

7. SAME.
        In an action for libel in charging the president of an insurance com-
    pany with perjury in his report of income of company, an allegation of
    the answer that the company had been excluded from doing business in
    certain states is immaterial, where such exclusion did not relate to the
    libelous charge.

    Action by Frederick A. Burnham against Charles L. Franklin. Mo-
tion to strike out part of defendant's answer. Granted in part.

    George W. Burnham, Jr. (James W. Osborne, George Burnham, and
Sewell T. Tyng, of counsel), for the motion.
    Baldwin & White, opposed.

    GIEGERICH, J. This is an action for libel. The article com-
plained of is as follows:

    "In the published insurance reports the annual statement for the year 1900
of the Mutual Reserve the item 'Total income during the year' appears as
follows: Connecticut insurance report, $14,623,413.85; Wisconsin insurance
report, $14,304,983.54; New York insurance report, $5,333,969.80; Massachu-
setts insurance report, $4,438,926.95. Deducting the $8,158,523.52 of 'liens,'
which the Massachusetts commissioner 'knocked out,' there would still be a
discrepancy of $2,025,963.38 in the 'total income' as reported to Connecticut.
In each of these states swearing to a false report is perjury, and Burnham
(meaning the plaintiff) in each case took oath that the report was true and
correct."

    The answer undertakes to set forth the entire article as published, as
well that portion not complained of as that which is. In so far as it
sets forth additional matter, the answer is clearly irrelevant, and
should be stricken out, under Kelly v. Waterbury, 87 N. Y. 179, but the
defendant should be allowed to amend his answer at folio 4 thereof by
admitting and alleging the publication by him of the article, a copy
of which is annexed to the answer, and by denying that he published
the alleged libelous article as set forth in the complaint; and he should
also have leave to amend his separate and first defense by adding to
it an alllegation setting forth the fact that the article as pleaded in the

complaint is incomplete. These two amendments should be allowed, without costs.

. The plaintiff also moves to strike out subdivision 1 of paragraph 2 and subdivision 1 of paragraph 3, which consist of repetitions of allegations and denials set forth in paragraph 1. It is well settled that such repetitions are unnecessary, and will be· stricken out on motion. Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274; Waltham Mfg. Co. v. Brady, 67 App. Div. 102, 73 N. Y. Supp. 540; White v. Koster, 89 Hun, 483, 35 N. Y. Supp. 369; Blaut v. Blaut, 41 Misc. Rep. 572, 85 N. Y. Supp. 146; Zacharias v. French, 10 Misc. Rep. 202, 30 N. Y. Supp. 945. This will eliminate from the answer all of subdivision 1 of paragraph 3 except the repetition of subdivisions 2, 3, and 4 of paragraph 2.

The third ground of the motion is to strike out the two subdivisions of paragraph 2 of the answer, being the plea of justification, which are last numbered 3 and 4. As it is not necessary for the defendant to prove the truth of any portions of the article not pleaded by the plaintiff, and as the matter alleged in these paragraphs relates to the portion already directed to be stricken out of the first defense and justification, the motion should be granted, but they are allowed as a part of the second and partial defense in mitigation, and the defendant should have leave to amend the second and partial defense beginning at folio 26, by adding the allegations contained in subdivisions 3 and 4 of paragraph 2 of the answer, beginning at folio 20.

The next ground of the motion is to strike out the allegations contained in subdivision 4 of paragraph 3, which relates to the fact that other publications have not been successfully sued for libel by the plaintiff, which is clearly immaterial (see Palmer v. New York News Pub. Co., 31 App. Div. 210, 52 N. Y. Supp. 539), and should be · stricken out.

The sixth ground relates to a portion of subdivision 6 of paragraph 3 of the answer, to wit, that it appeared from statements of the Mutual Reserve Fund Life Association, as contained in books published by the insurance departments of the four states mentioned in the ·article (referred to in a former part of the pleading), that the assets of the association were decreasing; that the liabilities were increasing; that the death claims were not being promptly paid; and that the defendant had received many calls in his office and letters from policy holders and others inquiring if something could not be done to save and prevent the mismanagement of the association. The matter thus sought to be stricken out is pleaded as a separate and partial defense, as well as in mitigation of damages, and the plaintiff invokes the rule that mitigation does not mean the pleading of facts entirely disconnected with the original libel, and which would of themselves constitute a separate and distinct libel from that originally complained of. Hess v. New York Press Co., 26 App. Div. 73, 49 N. Y. Supp. 894; Mattice v. Wilcox, 147 N. Y. 624, 42 N. E. 270. While it is true that the facts objected to relate only to the financial condition of the Mutual Reserve Fund Life Association, still, as the article complained of charges the plaintiff with having committed perjury with regard to such financial condition, it cannot be said that the information which the defendant thus possessed

in respect thereto and the sources thereof have no bearing upon such charge. Matters set up in mitigation will not be stricken out as irrelevant and redundant if the court has the slightest doubt as to its admissibility. Townsh. Slan. & Lib. (4th Ed.) 605, § 361, and cases there cited. Moreover, the rules by which the sufficiency of a pleading is ordinarily determined cannot be applied in all their strictness to a partial defense pleaded by way of mitigation of damages. Bradner v. Faulkner, 93 N. Y. 515; Morgan v. Bennett, 44 App. Div. 323, 60 N. Y. Supp. 619. The answer avers that the facts thus objected to, as well as certain others within his knowledge, were published in the belief that they were true, and, applying the principles above laid down to the present case, it is apparent that such facts have a bearing upon the question of malice, and hence should not be stricken out.

These observations apply with equal force to the seventh ground of the plaintiff's motion relative to the same subdivisions of the answer, which alleges, in effect, that the defendant's attention had been first directed to the affairs of the Mutual Reserve Fund Life Association by a policy holder of the association, and that he had received numerous letters and calls from policy holders complaining of its unsatisfactory condition, and requesting the defendant to aid in obtaining a better management of the said association and redress the policy holders' grievances; and the motion to strike out the same should therefore be denied.

The eighth ground of the motion is to strike from the same subdivision the words "and disbursements." The defendant alleges that he has examined certain books purporting to contain the report of the Mutual Reserve Fund Life Association, and found that the questions relating to income "and disbursements" were differently answered in different reports for the same year. While it is true that the article only charges the plaintiff with swearing falsely to the reports as to the income of the association, still, as "income" may depend upon "disbursements," the motion should be denied under the rules above stated.

The ninth ground is directed to matters contained in the same subdivision of the answer, which consist entirely of allegations pleaded in mitigation of damages as to the alleged mismanagement of the affairs of the Mutual Reserve Fund Life Association. As this comes within the same category as the sixth ground, the motion in respect thereto should be denied.

The tenth ground is directed to an allegation in subdivision 7 of paragraph 3 of the answer, to the effect that the defendant has been informed and knew that the said association had not been permitted to continue its business in a large number of states, including the state of Minnesota. Since it has not been made to appear that such association was excluded from any of the states mentioned in the alleged libelous article, or on any ground having any relation to the charge complained of, the allegation so objected to is clearly irrelevant and immaterial, and consequently should be stricken out.

The eleventh ground is directed to a certain further allegation in the same subdivision, wherein it is alleged that the defendant has read the report of the Honorable Louis F. Payn, Superintendent of Insurance of the state of New York during the year 1899, on the condition

of the said association, and had consultation with various insurance experts regarding the affairs of the said association above referred to. As it is not shown what information was obtained from such sources, this is irrelevant, and can be used neither in justification nor mitigation of the charge of perjury, and therefore should be stricken out.

The motion is, therefore, in the respects herein noted, granted, but in all other respects denied, with leave to the defendant to amend his answer as herein indicated, without costs.

Ordered accordingly.