## BARBER v. DAVIDSON.

(Supreme Court, Special Term, New York County. March 22, 1909.)

1. PLEADING (§ 194*)—DEMURRER.

A defense setting up new matter, but which contains denials of the allegations of the complaint, is not demurrable until the denials have been stricken on motion, though the matter pleaded does not by itself constitute a defense.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 194.*]

2. RELEASE (§ 28*)—FIRM OBLIGATIONS—RELEASE OF PARTNER—EFFECT.

A release of a partner from a firm obligation releases the copartner, where the firm was in existence at the time of the release, notwithstanding Code Civ. Proc. § 1942, permitting separate compositions with joint debtors, which is limited in case of firm debtors to compositions entered into after the dissolution of the firm.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 57; Dec. Dig. § 28.*]

3. PARTNERSHIP (§ 322*)—ACTIONS ON FIRM OBLIGATIONS—PARTIES.

An action on a firm obligation, brought during the existence of the firm, must make the partners parties.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 746; Dec. Dig. § 322.*]

Action by Clarence L. Barber against Edward W. Davidson. Demurrers to separate defenses, on the ground that they were insufficient in law on the face thereof, overruled.

James A. Deering, for plaintiff.
Michael J. Tierney, for defendant.

GIEGERICH, J. The plaintiff, an attorney, brings this action against the defendant, also an attorney, to recover for services rendered by the plaintiff as counsel in certain accounting proceedings conducted by the defendant and the defendant's partner, one William P. Burr, as attorneys of record, under the firm name of Burr & Davidson. The complaint further alleges that:

"On or about December 5, 1901, it was agreed between said Burr & Davidson that said Burr should withdraw from participation in said accounting, and that plaintiff should act as counsel for the said Davidson therein. Shortly thereafter said Davidson gave to said Burr written notice of an intention to dissolve said copartnership, and the same was dissolved by a written agreement executed by said partners on or about March 8, 1902."

And further that:

"It was stipulated in said contract of dissolution that all compensation theretofore earned in said accountings should be equally divided between said partners, which agreement was subsequently performed, and that all compensation for services thereafter rendered in said accountings should be the sole property of defendant herein subject to payment of plaintiff as counsel."

The services for which compensation is sought to be recovered were alleged to have been rendered between December 26, 1901, and July 15, 1903, upon the retainer by the defendant of the plaintiff as counsel in such accountings. The complaint contains a further allegation in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

paragraph 13 thereof, that prior to the commencement of this action, and subsequent to the dissolution of the firm of Burr & Davidson, the plaintiff executed and delivered to said Burr a release of the plaintiff's claim against him personally and from all liability by reason of his connection with such copartnership. The answer, in paragraph 2 thereof, denies the allegation of dissolution of the copartnership, and alleges, on the contrary, that the copartnership, "though dissolved in part, was continued as to all compensation earned and obligations and indebtedness incurred in connection with said accountings prior to such dissolution." The answer contains as a fourth separate defense the following:

"Defendant repeats and reiterates the denials and allegations contained in paragraph 2 of this amended answer, and further alleges that this defendant is released from any liability or indebtedness to the plaintiff by virtue of the release set forth in paragraph 13 of plaintiff's complaint."

For a fifth separate defense the answer repeats the same denials and allegations, and alleges that there is a defect of parties defendant in that the said William P. Burr has not been joined. The plaintiff has demurred to each of the separate defenses above set forth, and insists that his right to demur cannot be defeated by incorporating in defenses either general or specific denials, citing Cruikshank v. Press Pub. Co., 32 Misc. Rep. 152, 164, 65 N. Y. Supp. 678, and Pascekwitz v. Richards, 37 Misc. Rep. 250, 254, 75 N. Y. Supp. 291, which may be true as a general proposition, but does not apply to the present situation.

The plaintiff is not deprived of his right to demur by the incorporation of such denials, but before he can exercise such right with safety he should move to strike out those denials. Uggla v. Brokaw, 77 App. Div. 310, 313, 79 N. Y. Supp. 244; State of South Dakota v. McChesney, 87 Hun, 293, 34 N. Y. Supp. 362; Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274; Fletcher v. Jones, 64 Hun, 274, 19 N. Y. Supp. 47; Burnham v. Franklin, 44 Misc. Rep. 299, 89 N. Y. Supp. 917, affirmed 103 App. Div. 595, 92 N. Y. Supp. 1118; Code Civ. Proc. § 545. So long as denials of material allegations of the complaint are suffered to remain in a defense, a demurrer will not lie thereto, even though the other matter pleaded does not by itself constitute a defense. Uggla v. Brokaw, supra, and cases there cited. That the denials here contained are of allegations material to the complaint is well established. If the copartnership were still in existence at the time the release of the copartnership obligation was given to Burr, the defendant, as the other copartner, was likewise released. Harbeck v. Pupin, 123 N. Y. 115, 119, 25 N. E. 311; Finch v. Simon, 61 App. Div. 139, 70 N. Y. Supp. 361. Section 1942 of the Code of Civil Procedure, which permits separate compositions with joint debtors, is limited by its terms in the case of copartnership debtors to compositions entered into after the copartnership has been dissolved. If therefore the copartnership has never been dissolved as to the matters involved in this suit, as must be taken to be established by the denials and allegations contained in the defenses challenged, the defense of a release is made out, and likewise the defense of a defect of parties. I

do not mean by what I have said above to express the opinion that in this case a motion to strike out the denials in question should be granted, if made. Whether the facts here presented are so exceptional as to warrant the view that these specific denials should be allowed to stand in the separate defenses, especially the fifth one, and that the questions of law in the case can thus be best presented for adjudication on demurrer, is a point that is not now presented for determination. All I hold is that the denials are in the defenses, and, being there, they must be allowed their full effect as denials.

The demurrers are therefore overruled, with costs, with leave to withdraw the demurrers.