Mr. Justice McLEAN
 

 delivered the opinion of the court.
 

 This case is brought before this court by a writ of error to the District Court of the Northern District of Mississippi.
 

 The suit-was commenced on a bill of exchange against Isaac Clymer, Benjámin C. Polk, William C. Ivins, and, Hiram C.lymer, late merchants and partners in trade, under the firm and stylé of Cly-mer., Polk, & Co.,.makers,. and MorganMcAfee,indorser. •Thepro-cess was served on Polk and McAfee-. The latter-pleaded the general issué, and -an
 
 alias
 
 summons was'issued against the defendants not served. This writ was served on Isaac Clymer and William C Ivins';, and .at the succeeding June term the plaintiffs, by leave of the court, discontimjed the suit against Clymer, Polk, &. Co., leav ing McAfee, the indorser, the only defendant.
 

 Oh the trial the plaintiffs offered the deposition of H. B. Cenas, a notary public at' New Orleans; to prove a copy of the. protest, which was objected to by the defendant; but the court admitted the' evidence, add- this constitutes the first exception.
 

 By the Louisiana acts of 1821 and 1827; the notary is required to record, in a book kept for that purpose, all protests óf bills made by him and the notices given-to the drawers or indorsers ; a certi-f e copy, .of which record is made evidence.
 

 
 *63
 
 • Under these statutes it is held, in Louisiana, that “ a certified copy of a protest is sufficient without producing the. original.” Whittemore
 
 v.
 
 Leake, 14 Louisiana Reports, 394.
 

 • It is admitted that in respect to foreign bills of exchange the notarial certificate of protest is of itself sufficient proof of the disV honor of á bill, without any auxiliary evidence. Townsley
 
 v.
 
 Sumrall, 2 Peters, 179. But the rule is different, undér the principles of the common law, in regard to inland bills.
 

 The pfotest .offered is certified, under'the seal of the notary, “to be a true copy of the original protest, draft, and memorandum of the manner in which' the notices were servéd on file and,of record in his office;” But the deposition of Cenas, the notary, was relied on as proving the protest and notice, The exception taken was not to the deposition, but to the copy of the protest.
 

 It is insisted that the deposition does not identify the protest, and if it does, that it is .not.' competent to. prove the copy without accounting for the homproduction of the original.
 

 In regard to the latter objection,'it appears from die statutes above cited, that the notary records the protest and the manner in which notice was given, and this record is, in fact, the original. It is presumed that nothing more, than a short .memorandum of the demand. and. notice is taken, from' which the record 'is made in due form ; so that there is, strictly* no original except that which is of record;. And. a copy of this' is made, evidence by the statute.. Ndw this sufficiently accounts for the non-production of the original j and a sworn or a certified copy is the only evidence of the protest which can be produced.
 

 And we think that the copy of the protest wás properly considered as a part of the deposition. • It was offered in connection, with it, and is referred to as “ Documeiit A.,” as no other meaning can be given to. that, reference. . The commissioner who took” the deposition states, the copy was sworn to before him, and the exception was to the “ copy;” and.not that it was no part of the deposition.’ And the original being a matter of. record, and of course not within the power of the. plaintiffs in the Circuit Court, a sworn copy was admissible'as evidence.
 

 After the verdict was rendered against McAfee, the indorser, a. motion was ihade in arrest of'-judgment-on the. ground that it appeared from the return of the marshal* the- process had been duly servéd on three of the partners of . the firm pf Clymer, Polk, & Co., who were the drawers of the bill, and that the suit had been discontinued as to them ; which motiop the court overruled, and: to which the defendimt excepted.
 

 ,. It .appears that :the district judge, by a rule .of court; adopted . nine of the first sections of the statute of. Mississippi, entitled, “ An .actio amend the laws respecting suits to be brought against indor-sers of promissory nptés,” &c., approved,13tk May4837, Which re
 
 *64
 
 quired suit to be brought against the drawers and indorsers of a bill of exchange jointly. Under this statute the suit was brought against the drawers and also the indorser of the bill.
 

 ' This statute, as adopted by the district judge, was brought before this court in the case of Keary and others v. The Farmers and Merchants’. Bank of Memphis, 16 Peters, 89, in which the court held that “ the law-.of Mississippi is repugnant to the provisions of the( act.of Congress, giving jurisdiction to the courts of the United States.”
 

 We see no objection, in principle or in practice, to the discontinuance of the suit against the drawers of the bill. Their liability was distinct from that of the indorser! In no respect could the in-dorser,be prejudiced by the discontinuance. As a matter of course ■it was permitted at the cost of the plaintiffs.
 

 In. the case of Minor et al.
 
 v.
 
 The Mechanics’ Bank of Alexandria, 1 Peters, 46, the court held, that when the defendants sever in their pleadings, a
 
 nolle prosequi
 
 ought to be allowed against one defendant,” that “ it is a practice which violates no rules of pleading, and will generally subserve the public convenience. In the administration of justice, matters of form not absolutely subjected to authority may well yield to the substantial purposes of practice.”
 

 The judgment of the Circuit Court is ¿firmed, with costs.-
 

 Order.
 

 This cause came on to be heard on the transcript of the récord from the District Court of the United States for the Northern District of Mississippi, and was argued by counsel. On. consideration whereof, it. is now here ordered and adjudged by this court, that the judgment of the said District Court in thisr cause be and the same is hereby affirmed, with costs and damages, at the rate of six per- centum per annum.