68          NEW-YORK PRACTICE REPORTS.

Rensselaer and Washington Plank Road Co. agt. Wetsel.

## SUPREME COURT.

The Rensselaer and Washington Plank Road Co. agt. Wetsel.

Irrelevant and redundant matter struck out of an answer, because the matter
could not in any way be made the subject, or form a part of a material issue in
the action. (*See the case for the matter struck out; also see Williams agt.
Hayes, 5 How. 470, and Lewis agt. Kendall, ante p. 59.*)

*Albany Special Term, March* 1851. *Motion to strike out re-
dundant or irrelevant matter.* The complaint alleges that the
defendant became a stockholder in the plaintiffs' company in the
manner prescribed by law, and that the sum of $950 is due from
the defendant upon the stock subscribed by him. The action is
brought to recover this amount.

The answer puts in issue the material allegations in the com-
plaint, and then avers that the plaintiff has not in any manner con-
formed to the articles of association in the location or construction
of its road; but has, since the defendant subscribed the articles,
varied the route of their road, so that it does not run as it was
designated in the articles of association subscribed by the defend-
ant. It is further alleged that the plaintiff had fraudulently
diverted and altered the road from its course, as designated in the
articles of association, after the defendant had signed those arti-
cles with the understanding that the road should be constructed
according to the boundaries contained therein.

The answer then proceeds to state that the road had been sur-
veyed and staked out upon the route contemplated by the articles
of association, and in consideration of the construction of the road
upon that route, the defendant had agreed with the plaintiff to
convey to it, gratuitously, the land of the defendant through
which the road was to run, containing about $8\frac{1}{2}$ acres; and that
the defendant has, in fact, executed the conveyance, and delivered
it to the plaintiff's secretary. The answer then goes on to detail
various proceedings which resulted first, in the location of the
road, upon the route which the defendant claims to be that de-
signated and intended by the articles of association, and then,
the change of the location to another route, not described in the

Rensselaer and Washington Plank Road Co. agt. Wetsel.

articles. Various irregularities in these proceedings are stated, and it is charged that the change was effected by fraud. The defendant claims that he has sustained damages, by reason of the change of location, to the amount of $1000, which he claims to have allowed to him in this action, by way of *recoupment*. The plaintiff moves to strike out all that part of the answer which states the matters mentioned in this paragraph, so as to leave the defence to stand upon the denial of the allegations in the bill, and the averment that since the defendant subscribed the articles of association the route of the road had been diverted from the course then designated.

M. L. FILLEY, *for Plaintiff*.

J. PIERSON, *for Defendant*.

HARRIS, Justice.—Whether or not the route of the plaintiff's road has been changed, so as not to conform to the description contained in the articles of association, or whether, if the route has been so changed, it will exonerate the defendant from his liability to pay for the stock subscribed by him, are questions which may fairly be litigated; but with which, upon this motion, I have nothing to do.

As to that part of the answer which is the subject of this motion, I can not, after the most deliberate examination, discover any useful service that it can render the defendant. Conceding that any cause of action which the defendant might have in consequence of the agreement to convey the land required for the road according to its original location, and the actual conveyance in pursuance of such agreement, would be the proper subject of recoupment in this action (which probably is not the case), yet I am wholly at a loss to see how the facts alleged would constitute a cause of action, or entitle the defendant to recover damages of the plaintiff. Those facts would undoubtedly be sufficient to avoid the conveyance of the $8\frac{1}{2}$ acres of land, if that should be claimed by the defendant. I will not say that those facts do not show the proceedings of the company in changing the route of their road, to be illegal and void; that is a question I need not

consider: But can those proceedings, whether legal or illegal, entitle the defendant to recover damages of the plaintiff? If the plaintiff has not complied with the terms upon which the defendant agreed to take and pay for his stock, it may constitute a defence to an action for enforcing payment, but it furnishes no ground upon which a claim for damages can be predicated.

The motion to strike out redundant or irrelevant matter is analagous to a demurrer, and should, I think, be decided upon the same principles. If the matter can not be made the subject of a material issue, it has no business in the pleading, and ought. not to be left there, to embarrass the opposite party and the court (see Williams agt. Hayes, 5 *How.* 470). Mr. Justice HAND has, in Carpenter agt. West (5 *How.* 53), aptly compared this motion to exceptions for impertinence, under the former chancery practice. With a single exception, I think the analogy will hold. That exception has already been noticed in several cases. It is, that, under the chancery practice, matters of evidence might properly be inserted in a pleading, while they are excluded by the theory of pleading adopted in the Code. Any matter which, upon exceptions for impertinence, under the chancery practice, would be struck out as unnecessary and impertinent, should, upon motion, be struck out as redundant or irrelevant. I know of no better test than that I have already mentioned, which is, to inquire whether the matter objected to, can, in any way, be made the subject, or form a part of a material issue in the action. The application of this rule is fatal to the matter embraced in this motion. I am satisfied that it contains nothing, out of which any issue material to the subject matter of the action can be framed. The motion must, therefore, be granted, with costs.