McFarland, J.,
delivered the opinion of the court;
This is an attachment bill. The indebtedness of tbe defendant is founded upon a bill drawn by bim at New York on L. 0. Norvell & Co., of New Orleans, payable ninety days after sight. The defense is an alleged want of demand for acceptance, protest and notice.' It being a foreign hill, the liability of the drawer must be made out by the notary’s certificate of the demand, protest and notice. The notary’s *482 certificate of protest was exhibited with the bill, but this did not show that notice had been given. Before the trial, however, the complainant procured a certified copy from the notary’s books, showing the further certificate of the notary that notice was duly given. This was objected to, because: 1st, It was not exhibited with the bill. This was not essential. The issue as to demand, etc., was made by the pleading, and the complainant might sustain his side of the issue by producing the proper evidence at any time, subject only to the general rule as to documentary evidence.
This paper differs from the certificate in the case of Winchester v. Winchester, 4 Hum., 51. In that case the notary made a certificate as to the facts nearly a year after the protest made. Here the certificate of protest and notice purports to have been made at the time on the notary’s books. This copy was made afterwards therefrom in accordance with the laws of that state.
2d.. It is argued that in regard to the last named paper filed, purporting to be a copy from the notary’s books, that this is not sufficiently proven by the notary’s certificate; that though his certificate is sufficient upon the original protest, yet a copy from his books must- b© proven by a witness or certified under the act of congress. [See Shannon’s Code, p. 112, sec. 2.]
We understand the case of Thompson, Broswell & Co. v. The Commercial Bank of Kentucky, 3 Cold., 46, to decide this question differently, as does also the case of McAfee v. Doremus, 5 How., 53, both holding that a sworn or certified copy from the notary’s books, according to the law's of Louisiana, is the proper evidence. It is true the copy in these cases was proven by depositions, which in former case was excepted to, but the cases show that under the law's of Louisiana a copy from the books is the only evidence of the demand and notice ever used, and the notary’s *483 certificate is as efficient as in. other cases, where the certificate purports to be an original paper.
3d. The next question is whether the notary’s certificate shows a sufficient demand. A demand for acceptance must be made on the drawee in person, or an authorized agent. The certificate of the notary shows that he presented the bill at the office of the drawee, in New Orleans, to Chas. Roper, clerk of the firm, and demanded acceptance. Mr. Roper replied that these gentlemen were not in, and that Mr. Power, a member of the firm, had instructed him to state that the said draft could not be accepted.
This, we think, was sufficient. It shows that Roper was clerk of the firm, at their business office in New Orleans; that he professed to have special instructions to act in the matter of refusing the acceptance of this draft. This is not contradicted, and we hold it to be a sufficient demand.
If the letter of the defendant acknowledging the receipt of notice was improperly admitted, it is immaterial, as upon the other evidence the case is made out.
The decree will be affirmed, with costs.