(77 App. Div. 310.)

## UGGLA v. BROKAW.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. PLEADING—ANSWER—DEMURRER—REDUNDANT MATTER.
    Code Civ. Proc. § 545, declares that irrelevant or redundant matter contained in a pleading may be stricken out on motion. *Held* that, where each of several defenses contained in an answer contains denials of material allegations of the complaint, which denials might have been stricken on motion, so long as they remain a demurrer will not lie, though the other matter pleaded does not constitute a defense.

2. NEGLIGENCE—OWNER OF BUILDING—LIABILITY.
    In an action against the owner of a building for injuries sustained by plaintiff, owing to materials forming part of the structure having been blown from the roof of the building into the street during a wind storm, a paragraph of the answer alleging that prior to the accident the building was safely and properly constructed by skilled persons, and that it was in the possession of a tenant, presented a good defense.

**3. SAME—BUILDING OF TENANT.**

A paragraph of the answer alleging that the building was erected by the tenant, and was in his exclusive care and occupation at the time of the accident, presented a good defense.

**4. SAME—SKILL OF BUILDERS.**

A paragraph of the answer alleging that the preparation of plans for the construction of the building was delegated to skilled architects and workmen, and that defendant and his tenant who was in the occupation of the premises relied on the skill of such persons, presented a good defense.

**5. SAME—ACT OF GOD.**

A paragraph of the answer, alleging that the accident was the result of vis major in that a hurricane of unusual violence unseated the materials, was a good defense.

**6. DEMURRER—REDUNDANT MATTER.**

Code Civ. Proc. § 545, declares that irrelevant or redundant matter contained in a pleading may be stricken out on motion of the person aggrieved thereby. Section 494 provides that a demurrer may be interposed to a counterclaim or defense consisting of new matter contained in the answer on the ground that it is insufficient in law on the face thereof, and section 500 enacts that the answer may contain a general or specific denial of each material allegation of the complaint controverted by the defense, or a statement of new matter constituting a defense or counterclaim, without repetition. *Held* that, where an answer contains several counts, each of which sets up as a defense matter which is not new because not extrinsic to the matters set up in the complaint, and the matter set up in such count is provable under preceding denials, a demurrer to such defenses will not lie, but the proper remedy is by a motion to strike the redundant matter.

**7. SAME.**

Code Civ. Proc. § 545, declares that irrelevant or redundant matter set out in a pleading may be stricken out on motion of the person aggrieved thereby. *Held* that, in an action against the owner of a building for injuries sustained by plaintiff owing to a portion of a structure having been blown from the roof of the building into the street during a wind storm, an allegation of the answer that the injuries were solely caused through the negligence of the plaintiff was not obnoxious to a motion to strike.

Ingraham and Hatch, JJ., dissenting in part.

Appeal from special term, New York county.

Action by Charles Uggla against Isaac V. Brokaw. From a judgment overruling a demurrer to certain defenses of the answer, plaintiff appeals. Affirmed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Flamen B. Candler, for appellant.
Alfred G. Reeves, for respondent.

LAUGHLIN, J. The action is brought to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. It is alleged that the defendant was the owner of the building No. 524 Fifth avenue, known as "Sherry's"; that there were negligently erected and standing on the roof of the building "divers structures" constructed of brick and mortar, and inclosed by roofs of metal and glass; that these structures were insecurely fastened; that the bricks were improperly laid with a poor and inferior quality of cement or mortar, so that the roofs

and bricks of the structure were in an unstable and dangerous condition, and liable to be blown off into the roadway of Fifth avenue; that through the carelessness and negligence of the defendant, who had notice of this dangerous condition, "the roofs of the said structures, or one of them, and divers bricks, mortar, and other building material used in the construction of the said structures, or one of them, and during a storm of wind and rain, blew from the roof of said building" into the roadway of Fifth avenue and onto the plaintiff, who was driving by, inflicting the injuries to recover for which the action is brought.

The answer admits that the defendant is the owner in fee of the reversion, but denies that he is the owner of the present existing estate in said premises, or that he has possession, occupancy, or control of the same; and puts in issue the other material allegations of the complaint. Each of the defenses to which the demurrer relates is pleaded as a further and separate defense, and the first subdivision of each recites that the defendant "reiterates and repeats the allegations" in that part of the answer preceding the separate defenses, specifying each paragraph thereof, which includes both admissions and denials; and all, except the sixth, contain the allegation that the defendant never had knowledge or notice of any defect or weakness in the construction of the building, or any part thereof. In the second defense it is alleged that, many years prior to the accident, the building described in the complaint was properly and safely constructed by skilled and competent persons, and of the best material, and was in a safe and secure condition, and that it was in the exclusive occupation, care, and custody and control of a tenant for years continuously thereafter. In the third defense it is alleged that the building was erected by a tenant for years who was in the exclusive occupation, care, custody, and control of the premises at the time, and so continued for many years thereafter, and down to the time of the accident. In the fourth defense it is alleged that the preparation of plans for the construction of the building was delegated to competent and skilled architects and engineers; that both this defendant and his tenant fully relied on such architect and engineers, and were not skilled and informed in matters relating to the safety of construction of such structures; that such architect and engineers superintended the construction and inspection of the work and materials, and that the only interference on the part of this defendant or his tenant was the signing of the contract by the tenant; that the work was delegated to competent, independent contractors who undertook to supply the best materials and most skilled and careful labor. In the fifth defense it is alleged that the accident was the direct result of "vis major in that a hurricane of extraordinary violence unseated from reasonably secure fastenings the materials which injured the plaintiff," and that this result was not produced or contributed to by any faulty or defective construction. In the sixth defense it is alleged that the injuries were solely caused through the negligence of the plaintiff. Each of these defenses contains denials of material allegations of the complaint, and, while such denials might have been stricken out upon motion if the

plaintiff were aggrieved thereby (Code Civ. Proc. § 545; Fletcher v. Jones, 64 Hun, 275, 19 N. Y. Supp. 47; State v. McChesney, 87 Hun, 293, 34 N. Y. Supp. 362; Steiffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274), yet, so long as they thus remain, a demurrer will not lie even though the other matter pleaded does not constitute a defense (Fletcher v. Jones, supra; Steiffel v. Tolhurst, supra; Holmes v. Railway Co., 65 App. Div. 49, 72 N. Y. Supp. 476; Wintringham v. Whitney, 1 App. Div. 219, 37 N. Y. Supp. 188).

But there is another reason why demurrer will not lie in this case. It is not seriously contended that the matters set up in each of these defenses, if true, will not constitute a defense to the action; and it is quite clear that, if they be established, the plaintiff cannot succeed. The principal, if not the sole, contention of the plaintiff is that none of these defenses contains new matter, but that all are provable under the preceding denials, which is undoubtedly true. It does not follow, however, that the defenses are insufficient in law upon the face thereof. The Code provides that the answer may contain a general or specific denial of each material allegation of the complaint controverted by the defendant, or a statement of any new matter constituting a defense or counterclaim, without repetition (Code Civ. Proc. § 500); but a demurrer is only authorized "to a counterclaim or a defense consisting of new matter, contained in the answer, on the ground that it is insufficient in law, upon the face thereof" (Code Civ. Proc. § 494). Inasmuch as the matters set up in these several defenses are not extrinsic to the matters set up in the complaint as the basis of the cause of action, they are not "new matter." Manning v. Winter, 7 Hun, 482. Where a pleading contains matters not authorized in such a pleading, so that it cannot be made a material issue, it may, if a party be aggrieved thereby, be stricken out by the court upon motion. Eidlitz v. Rothschild, 87 Hun, 243, 33 N. Y. Supp. 1047; Brewing Co. v. Hammersen, 22 App. Div. 475, 48 N. Y. Supp. 30; Road Co. v. Wetsel, 6 How. Prac. 68. There seems to be some confusion in the decisions as to whether this authority is derived from section 545 of the Code, which authorizes the striking out "of irrelevant, redundant or scandalous matter contained in a pleading," "upon the motion of a person aggrieved thereby," or whether it is founded upon the inherent power of the court. It is not essential that we should determine whether the power to strike it out is inherent or expressly conferred; but it may be observed that matter which can have no bearing on the issues, either on account of its manifest irrelevancy or because the law declares that it cannot be introduced, would seem to be irrelevant; and, if it be a repetition of matter already at issue by other parts of the pleading, it would be surplusage, and would fall under the authority to strike out redundant matter. It is contended, however, that this authority to strike out matter as irrelevant or redundant does not extend to an entire count pleaded as a separate defense or counterclaim. The case of Walter v. Fowler, 85 N. Y. 621, is cited as authority for this proposition. We think the court of appeals did not so hold in that case. There an attempt was made to set up a counterclaim, and a motion was make to strike

it out; and the court held that it contained a semblance of a cause of action, and that, while its sufficiency might be tested by demurrer it could not be by motion. In Goodman v. Robb, 41 Hun, 605, the court did say that "an entire count cannot be stricken out as irrelevant or redundant"; but the matter there under consideration was neither irrelevant nor redundant, and it was not a motion to strike out matter as irrelevant or redundant. It is also stated in the opinion in that case that "irrelevant or redundant matter cannot be demurred to, but the objection must be taken by motion to strike out." The only point necessarily decided in that case, however, was that the sufficiency of a count of relevant matter could not be determined by motion. We think a demurrer will not lie to a count of an answer pleaded as a separate defense, on the ground of redundancy, where the matter thus pleaded as a defense, if true, will defeat the action. In the case at bar the matter is redundant; but since, if true, it will bar a recovery, we think it cannot be said that the defense, whether consisting of new matter or not, is insufficient in law upon the face thereof, which, as has been seen, is the only ground upon which a demurrer is authorized by the Code. Wiley v. Village of Rouse's Point, 86 Hun, 495, 33 N. Y. Supp. 773; Fletcher v. Jones, supra; Holmes v. Railway Co., supra; Moak's Van Santvoord, 771. In the case of Bogardus v. Railway Co., 62 App. Div. 376, 70 N. Y. Supp. 1094, which was an action for personal injuries, we held that the plaintiff was not aggrieved by an allegation in the answer setting up that the accident occurred through his contributory negligence, and without negligence on the part of the defendant, and that his motion to strike this out as irrelevant or redundant should be denied. The reasons for that decision do not apply to any of the counts of this answer except the last, and we do not intend to express any opinion as to whether the other counts of the answer are so unnecessary and of such a character that the court would be justified in striking them out as redundant. There should be, and we think there is, a remedy by motion for striking out redundant matter, even in those cases where it embraces an entire count pleaded as a separate defense. Recourse may and should be had to this remedy where there has been a departure from the usual practice, to the prejudice of the adverse party, by unduly lengthening a pleading, or otherwise confusing or obscuring the issues.

It follows that the interlocutory judgment should be affirmed, with costs.

PATTERSON and O'BRIEN, JJ., concur.

INGRAHAM, J. (dissenting). I concur in the conclusion of Mr. Justice LAUGHLIN, except as to the fourth defense. I do not think, however, that where new matter is pleaded as a separate defense to the action, and there are repeated as a part of that defense denials of allegations of the complaint which have no relation to the new matter pleaded, the court is prevented from determining upon demurrer whether the separate defense as a whole is sufficient in law upon the face thereof. Each separate defense must be taken as a whole,

and if the facts alleged are not sufficient as a separate defense, as distinguished from a denial of allegations alleged in the complaint, then a demurrer to that separate defense should be sustained, although, as a part of that defense, material allegations of the complaint are denied. I agree with Mr. Justice LAUGHLIN, however, that, as to each of the defenses except the fourth, the facts as alleged constitute a defense to the action. By the fourth defense the defendant, by realleging allegations in paragraphs 1 to 5 of the answer, admits that he is the owner of the building, and then alleges that the planning, erection, and construction of the building described in the complaint was fully and fairly committed to competent and skilled architects and engineers, qualified for such work, under instructions to plan and erect a thoroughly safe and substantial structure; that the defendant was not skilled or informed in said matters, and entire reliance was placed in said architects and engineers in all matters pertaining to the preparations of plans and specifications, and to the superintendence and inspection of said work and construction and materials; that the defendant did not interfere with the said architects or engineers in the discharge of their duties; that the work of constructing said building was intrusted to independent contractors, who were skilled and competent persons qualified for such work, and had contracted to supply the best materials and the most skillful and careful labor, and to do all to the satisfaction of the architects and engineers; and that the defendant never had any knowledge or notice of any defect in the construction or condition of said building. The plaintiff was injured while in Fifth avenue in the city of New York, a public street, by the fall of brick, mortar, and other building materials from the building which the plaintiff owned. In such case the rule "res ipsa loquitur" applies, and from the incident itself the jury are authorized to infer negligence. I know of no principle upon which the owner of a building upon a public street is, as a matter of law, relieved from liability for injury to persons lawfully upon the street, caused by the faulty construction of the building, because he has selected architects or contractors to construct the building and relied upon their skill and diligence to make the building safe. Where the accident happened because of negligence of an employé of a contractor engaged in erecting a building, the building itself being properly and securely constructed, the contractors would be alone liable; but where the accident is occasioned by the faulty construction of the building, so that, after it is erected, it is unsafe, and falls into the street, injuring a person rightfully there, I do not understand that the owner of the building can, as a matter of law, be relieved from responsibility for the insecure and unsafe building because he had employed competent architects or contractors to plan and perform the work of constructing it.

I think, therefore, that this separate defense was insufficient, and that as to that defense the demurrer should have been sustained.

HATCH, J., concurs.