(153 App. Div. 369.)

### GIBBS v. KNICKERBOCKER SAVINGS & LOAN CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1912.)

1. PLEADING (§ 17*)—ANSWER—ARGUMENTATIVENESS.

  The answer to the complaint against a savings and loan company for a retainer fee and salary being not only that payment or allowance by defendant "would" have been illegal, but that such payment "was and is

prohibited," the latter part is not argumentative, conditional, or hypothetical.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 38, 41, 350; Dec. Dig. § 17.*]

**2. PLEADING (§ 96*)—ILLEGALITY OF CLAIM—STATUTES.**

An answer is not objectionable because its specification of the illegality of plaintiff's claim is pleaded in the language of the statute.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 195; Dec. Dig. § 96.*]

**3. PLEADING (§ 79*)—ANSWER—REFERENCE TO REPORTS.**

The answer that plaintiff's claim for retainer fee and salary is illegal, as violating the statute, is not objectionable because the facts of the offending against the statute are also pleaded as appearing in the reports of defendant savings and loan company.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 160, 161; Dec. Dig. § 79.*]

**4. PLEADING (§ 192*)—DEMURRER—REDUNDANT MATTER.**

It is not ground for demurrer that other matters set forth in valid defenses are not defensive.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 408–427; Dec. Dig. § 192.*]

Appeal from Special Term, Westchester County.

Action by Herbert H. Gibbs against the Knickerbocker Savings & Loan Company. From the part of a judgment overruling a demurrer to separate defenses, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Herbert H. Gibbs, of New York City, in pro. per.
Timothy A. McCarthy, of New York City, for respondent.

JENKS, P. J. The appeal is from an interlocutory judgment of the Special Term that overrules the plaintiff's demurrer to two of the separate defenses. The plaintiff complains to recover his annual fee, together with certain disbursements, as attorney and counsel to the defendant under retainer by the board of directors, whose action was ratified and approved by the shareholders, and also to recover a balance due for his salary as secretary of the defendant, which was determined in like manner as was his retainer. The property and business were taken by the Superintendent of Banks for the purpose of winding up the corporation, and are now in his hands. He joined issue for the defendant by plea of general denial, as well as of separate defenses. The defenses are challenged as on their face hypothetical, conditional, and argumentative, in that:

"They contain no allegations of fact from which it can be made to appear that the contracts sued on, i. e., the directors' resolutions, subsequently ratified by the stockholders and fully executed by plaintiff, were illegal or void, or malum in se, or contrary to public policy."

In the further words of the learned counsel for the appellant:

"They do not even allege that payment now by the Superintendent of Banks will be illegal. Although the word 'if' is not actually used, it might as well have been used; for these defenses are, on their face, hypothetical,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

conditional, and argumentative. The defense is, in substance, merely this: Payment was not made; but if payment had been made it would have been an illegal payment."

The defense thus attacked is that certain alleged official reports of the defendant, made and filed pursuant to statutes specified, show on their face "that the payment or allowance by defendant of the alleged claims of plaintiff　*　*　* would have been illegal, and was and is prohibited by the provisions" of certain statutes specified, "in that said payments or allowances in each or any or all of said years would have made the amounts paid or allowed by defendant as salaries, commissions, fees, or other compensation to its officers, directors, auditors, attorneys, agents, clerks, and all other employés, and for rent, advertising, commissions, and all other operating expenses, exceed a sum equal to 2½ per centum of the total amount of dues actually received and credited to its members and the dividends duly apportioned thereon, including dues and dividends credited to the holders of matured stock, in each of said years, respectively;" and that the said annual reports show all the payments or liabilities incurred for salaries and other compensation, and all operating expenses and all dues received and dividends apportioned, and the illegality of said claim of plaintiff was well known, and the reports were filed with his knowledge and consent; and that plaintiff had frequently stated to the Superintendent of Banks that the said reports were full, complete, and correct.

[1-4] The pleading is not only that the payment or allowance by the defendant *would* have been illegal, but that such payment "was and is prohibited," which, I think, is not argumentative, conditional, or hypothetical. The pleading is not objectionable, in that the specification of the illegality of the claim is pleaded in the language of the statute. Cole v. Jessup, 10 N. Y. 96; Abbott's Brief on Pleadings, p. 285. Nor is it objectionable, in that the facts of the offending are pleaded as appearing in the reports of the defendant. Boyer v. Boyer, 113 U. S. at p. 701, 5 Sup. Ct. 706, 28 L. Ed. 1089. If other matters which are set forth in these defenses are not defensive, this affords no ground for demurrer. Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp. 244, and cases cited. It is not necessary that we should now discuss the legal merits of the defenses, inasmuch as we have to deal with a question of pleading alone.

The judgment is affirmed, with costs. All concur.