### TRUAX v. ROTHSCHILD et al.

(Supreme Court, Appellate Division, First Department. March 3, 1916.)

1. PLEADING ☞204—DEMURRER TO DEFENSES WHICH INCLUDE DENIALS.

    A demurrer to a separate defense does not lie, where there is included in the defense a denial of a material allegation of the complaint, though the other matters pleaded do not constitute a defense.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 486–490; Dec. Dig. ☞204.]

2. PLEADING ☞362—ANSWER—DEFENSES—STRIKING OUT DENIALS.

    If plaintiff is aggrieved by denials in a defense, they may be stricken out on motion.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. ☞362.]

Appeal from Special Term, New York County.

Action by Caroline Truax against Louis F. Rothschild and another. From an order sustaining a demurrer to a separate defense, defendants appeal. Reversed, and demurrer overruled.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Harry R. Kohn, of New York City, for appellants.

Louis Jersawitz, of New York City, for respondent.

McLAUGHLIN, J. This action was brought to recover damages claimed to have been sustained by plaintiff for alleged false and fraudulent statements made to her by the defendants, and on which she relied in purchasing certain shares of stock of the M. Rumely Company. The answer denied the material allegations of the complaint upon which a recovery was predicated. It then set up certain facts as a separate defense, in which are incorporated denials contained in the first defense. These denials put in issue substantially all of the facts upon which the plaintiff claims she is entitled to recover. Defendants also set up a counterclaim. After issue had been thus joined, the plaintiff demurred to the separate defense and also to the counterclaim, upon the ground that the separate defense is insufficient upon the face thereof and that the counterclaim does not state facts sufficient to constitute a cause of action. The demurrer was brought on as a contested motion, and so much of it as related to the counterclaim was overruled, and that part as to a separate defense sustained. Defendants appeal from so much of the order as sustained the demurrer to the separate defense.

[1, 2] The rule is well settled that a demurrer to a separate defense does not lie where there is included in that defense a denial of

a material allegation of the complaint. Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp. 244; Holmes v. Northern Pacific Ry. Co., 65 App. Div. 49, 72 N. Y. Supp. 476; McAvoy v. Press Pub. Co., 164 App. Div. 355, 149 N. Y. Supp. 665. If the plaintiff is aggrieved by the denials set out in the defense demurred to, then the same may be stricken out on motion. Haffen v. Tribune Association, 126 App. Div. 675, 111 N. Y. Supp. 225; Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274. But so long as they remain a demurrer will not lie, even though the other matters pleaded do not constitute a defense. Uggla v. Brokaw, supra; Holmes v. Northern Pacific Ry. Co., supra.

The order, so far as appealed from, therefore, without considering or passing upon the question of whether or not the affirmative matter set forth in the separate defense constitutes a defense to the cause of action alleged in the complaint, is reversed, with $10 costs and disbursements, and the demurrer overruled, with $10 costs, with leave to the plaintiff to withdraw the demurrer on payment of said costs. All concur.