American Aniline Products, Inc., Appellant, *v*. Mitsui
& Company, Ltd., Respondent.

First Department, January 16, 1920.

Sale — action for breach of contract to purchase goods — complaint setting forth contract of sale by description — allegations in defense as to agreement of sale by sample — failure to incorporate denials as such in defense — demurrer — leave to amend answer so as to incorporate denials in defense — admissibility of parol evidence to define term describing goods sold.

Where in an action by a vendor to recover damages for defendant's failure and refusal to accept dyes which it had agreed to purchase, the complaint sets forth a contract of sale by description which does not refer to a sale by sample or contain any express warranty as to strength, color or quality, and the answer alleges as a defense that prior to the date of the orders in question plaintiff submitted to defendant a certain sample of dyes and agreed and warranted that deliveries thereafter under orders received from defendant would be equal in all respects to the sample so submitted, and that plaintiff has failed to deliver or tender for delivery dyes in accordance with the sample, and no denials as such are contained in the alleged defense, a demurrer thereto should be sustained.

Even though defenses contain affirmative allegations inconsistent with the allegations of the complaint the latter must nevertheless be taken as admitted in the defenses in the absence therein of denials.

Since the defendant may not show by evidence outside the contract sued upon that the dyes were warranted to correspond in all respects with a sample it should not be granted leave to serve an amended answer incorporating formal denials in the defense.

On the trial, however, either party will be at liberty by parol to define the term " Amacid Blue Black K N." by which the dyes were described in the contract of sale.

When a term of a written contract requires definition in order to make its meaning clear, and such definition is not found in the writing itself, it is always permissible to give that definition by extrinsic evidence. Such evidence does not vary the meaning of the writing but on the contrary discloses its full significance.

Clarke, P. J., and Page, J., dissent.

Appeal by the plaintiff, American Aniline Products, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of August, 1919, denying plaintiff's motion for an order sustaining its demurrer to the defenses set up in the answer, and overruling the demurrer.

*Gerald B. Rosenheim,* for the appellant.

*Robert B. Knowles* of counsel [*Taylor, Knowles & Hack,* attorneys], for the respondent.

PHILBIN, J.:

The complaint sets forth three causes of action, each alleging a separate contract in writing by defendant. The contracts are similar except as to date, quantity of the dyes and date of shipment. The writing set forth in the first cause of action reads as follows:

" Export Order No. S — Extra 11.

" Cable Address: Telephone
" Mitsui, N. Y. Rector 7110

" MITSUI & COMPANY, LTD.
" (Mitsui, Bussan Kaisha, Ltd.)
" 65 Broadway
" NEW YORK, *September 28th* /18.

" To THE AMERICAN ANILINE PRODUCTS Co.,
" 80 Fifth Avenue, New York:

" DEAR SIRS.— We take this pleasure in entering with you this order, as per particulars below mentioned, to which we invite your prompt attention.

" Please call for shipping instructions when goods are ready, and send us Five (5) Copies of Invoices with the Contents, Weights and Measurements specified thereon of each package.

" For Custom House Purpose please have the following clause inserted in your invoice and Signed:

" ' Terms and prices mentioned above certified correct.'

" In all replies and invoices, Please Give Order Number.

" Yours faithfully
" MITSUI & CO., LIMITED,
" By SHUNZO TAKAKI,
" *Assistant Manager.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

" 3,000 Lbs. — Amacid Blue Black KN.
" Price per Lb. F. O. B. New York................$1.75
" Terms: Cash in 10 days less 1%.
" Shipment: During October.

" Shipping instructions and shipping mark will be given to you later.

" Packing: 100 pounds net to a strong new keg, well paper lined.

" Remarks:  In case we cannot obtain export license from the Government this order is to be cancelled unconditionally.

" Please return one copy of this order duly signed by you in confirmation of your acceptance.

" SI: RA

" E. & O. E.

" All Bills of Lading rendered us in filling up this order must have the shipping mark mentioned distinctly.    When you send us the invoice, please give us the shipping sample representing each shipment."

The plaintiff seeks to recover damages for defendant's failure and refusal to receive or accept or pay for the dyes which defendant agreed to purchase.   The answer admits the giving of the orders; that plaintiff accepted them; that it was agreed that the dyes should be packed in barrels of 400 to 500 pounds net each, instead of 100 pounds; and that plaintiff requested defendant to furnish shipping instructions and shipping marks. The other material allegations in the complaint are denied in that part of the answer preceding the defenses demurred to by plaintiff.

The defenses are the same in each cause of action.   It is alleged that prior to the date of the orders, plaintiff submitted to defendant a certain sample of dye and offered to sell to defendant dyes according to such sample and represented and agreed with defendant and warranted that deliveries of dyes under orders thereafter received from the defendant would be equal in dyeing strength, color, quality and all other respects to the sample so submitted; that relying upon plaintiff's said agreement, representation and warranty, the defendant was induced to deliver and did deliver to plaintiff its said export orders for the dyes referred to in the complaint; that thereafter plaintiff notified defendant it intended to deliver certain dye-stuffs under the order; that defendant found upon examination that they did not correspond in any respect with the samples; that thereupon defendant rejected the dyes, and refused to

accept delivery or pay therefor; that although defendant has duly performed, plaintiff has failed to deliver or tender for delivery dyes in accordance with the sample submitted by plaintiff to defendant.   As will be seen from the writing set forth, it does not refer to a sale by sample or contain any express warranty as to strength, color or quality.

No denials, as such, are contained in any of the defenses. It is true that the answer does elsewhere contain denials, but that fact is immaterial when the validity of the defenses is attacked.   And even though the defenses contain affirmative allegations inconsistent with the allegations of the complaint, the latter must nevertheless be taken as admitted in the defenses in the absence therein of denials.   (*Douglass* v. *Phenix Ins. Co.*, 138 N. Y. 209, 215; *Pullen* v. *Seaboard Trading Co.*, 165 App. Div. 117; *Mendelson* v. *Margulies*, 157 id. 666, 670; *Empire Trust Company* v. *Magee*, 117 id. 34.) Applying the rule to the defenses before the court, we find that the defendant, by failure to deny, admits the contract to be as alleged by the plaintiff in the complaint; admits due performance on the part of the plaintiff and breach by the defendant.   The defenses are, therefore, insufficient in law on the face thereof.   It follows that plaintiff's motion to sustain the demurrer to the defenses should have been granted.

The question remains as to whether leave should be granted to the defendant to serve an amended answer incorporating formal denials in the defenses.   Such privilege should not be granted unless it would avail the defendant.   In determining that point, we are brought to the really important feature of the case — whether the defendant may show, by evidence outside the writings sued upon by the plaintiff, that the dyes were warranted to correspond in all respects with a sample.

It is correctly asserted by the defendant that the parol evidence rule does not operate to prevent one from showing a prior, independent and collateral agreement.   (*Indelli* v. *Lesster*, 130 App. Div. 548.)   But while the agreement alleged in the defenses is a prior one, it is neither independent nor collateral, for it touches upon at least one element dealt with by the writing above set forth.   That element is the quality of the article sold.   The writing shows a sale by description (Amacid Blue Black KN) and the obligation of the plaintiff

was merely to deliver goods of that description of merchantable quality. (Pers. Prop. Law, § 96, as added by Laws of 1911, chap. 571.) In a sale by sample, the bulk must correspond in quality with the sample. (Id. § 97, as added by Laws of 1911, chap. 571.) To attempt to transform a sale by description into one by sample is to attempt to vary the obligation of the seller as to the quality of the article to be delivered. That cannot be done. (*Lese* v. *Lamprecht*, 196 N. Y. 32, 37; *Standard Milling Co.* v. *de Pass*, 154 App. Div. 525; affd., 214 N. Y. 638.) Even if the incorporation of denials in the defenses were permitted, so as to render them proof against demurrer (*Truax* v. *Rothschild*, 171 App. Div. 509), that would not really aid the defendant, for evidence as to a sale by sample would still be inadmissible on the trial. It is apparent, therefore, that we should not grant leave to defendant to amend.

In order to avoid any possible misunderstanding upon the trial, it may be well to point out that either party will be at liberty, by parol, to *define* the term " Amacid Blue Black KN." When a term of a written contract requires definition in order to make its meaning clear, and such definition is not found in the writing itself, it is always permissible to give that definition by extrinsic evidence. Such evidence does not vary the meaning of the writing but on the contrary discloses its full significance.

The order should be reversed, with ten dollars costs and disbursements, and plaintiff's motion granted and the demurrer sustained, with ten dollars costs, and without leave to the defendant to plead over.

DOWLING and SMITH, JJ., concur; CLARKE, P. J., and PAGE, J., dissent.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, and without leave to defendant to plead over.