WILBUR-DOLSON SILK CO., INC., Respondent, v. WILLIAM WALLACH CO., INC., Appellant.

Supreme Court, Appellate Term, First Department, January Term — Filed February, 1923.

Sales — silk thread on spools — latent defects — implied warranty — contracts — when issue of fact involved and summary judgment improper.

A contract for the sale of a large quantity of silk thread on spools contained a clause that " To guard against dissatisfaction owing to uneven twist or other causes, all shipments to be tested by customer, and if unsatisfactory reject within fifteen days," but the contract made no reference to samples.  In an action to recover the purchase price the answer alleged that the sale was by sample, and by separate allegations " that the silk so delivered was on spools and the defects in the same could not be discovered until the spools had been unwound in the ordinary course of manufacture, and after such thread had been worked into the broad silk together with the raw silk, said defects being latent," and there were further allegations concerning the defective quality of the silk delivered which was discovered after the product had been finished, with a counterclaim based upon the resultant damage.  Held, that although a sale by sample could not be proved, because any attempt to do so would involve a violation of the parol evidence rule, the answer was sufficient to present a case under section 96 of the Personal Property Law where the buyer is entitled to rely upon an implied warranty.

The said clause of the contract should be construed in the light of the nature of the business and character of the transaction to which it was to be applied, and an order granting plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice, and the judgment entered thereon, will be reversed and the motion denied on the ground that an issue of fact was involved.

McCOOK, J., dissents.

APPEAL by defendant from an order of the City Court of the city of New York, awarding summary judgment under rule 113 in favor of plaintiff and from judgment entered pursuant to said order.

*Myers & Kutner (Davis C. Myers, of counsel), for appellant.*

*Wise & Ottenberg (Irving S. Ottenberg, of counsel), for respondent.*

BIJUR, J.  This action is brought to recover the purchase price of a considerable quantity of silk thread on spools.  The parties entered into a written contract covering the transaction.  The answer alleges that the sale was by sample (although the written

agreement makes no reference thereto), and that the silk delivered was inferior to the sample. It contains the further separate allegation " that the silk so delivered was on spools and the defects in the same could not be discovered until the spools had been unwound in the ordinary course of manufacture, and after such thread had been worked into the broad silk together with the raw silk, said defects being latent," and further allegations concerning the defective quality of the silk delivered which was discovered after the product had been finished, with a counterclaim based upon the resultant damage.

The contract contains the following clause: " To guard against dissatisfaction owing to uneven twist or other causes, all shipments to be tested by customer, and if unsatisfactory reject within fifteen days."

Passing a number of questions concerning a stipulation entered into by the parties and its effect upon this motion, which we think should all be resolved in favor of the defendant, appellant, we reach the substantial question involved on this appeal, namely, whether the defendant, appellant, is deprived of its counterclaim by the language of the contract quoted because the shipment was not " tested and rejected within fifteen days." Assuming that plaintiff, respondent, is correct in its contention that a sale by sample cannot be proved by defendant, appellant, under the circumstances disclosed because the attempt to do so would involve a violation of the parol evidence rule (see *American Aniline Products, Inc.*, v. *Mitsui & Co., Ltd.*, 190 App. Div. 485), we are nevertheless of opinion that the answer sufficiently presents a case under section 96 of the Personal Property Law where the buyer is entitled to rely upon an implied warranty. In that view of the case we do not believe that the language of the contract quoted must be construed as precluding any claim for breach of warranty in respect of defects which, according to the allegations of the answer, could not be discovered except in the course of manufacture; that is to say, we think that the clause in question, which is somewhat general in its terms, should be construed in the light of the nature of the business and the character of the transaction to which it is to be applied. These considerations lead to the conclusion that an issue of fact is involved here which under the provisions of the statute and as matter of justice should not and cannot be decided upon affidavits under rule 113 of the Rules of Civil Practice.

Order reversed, with ten dollars costs, and motion denied, with ten dollars costs; judgment reversed, with costs.

MULLAN, J., concurs; McCOOK, J., dissents in opinion.

McCook, J. (dissenting). I do not agree that the questions in the stipulation must be resolved in favor of the defendant, appellant. On the contrary, my view of that is as follows: The appellant contends that by it respondent was barred from making such a motion as the one under consideration. This is untenable. The stipulation merely limited the issues of fact for a trial. It did not prevent a motion for summary judgment as a matter of law.

Next it is claimed that the statute in the event of latent defects prevents extinguishment of a warranty by acceptance. So it does, *unless otherwise agreed.* In our case, as appears from the back of the contract (referred to also on the face), it was otherwise agreed.

It is asserted that the answer sets up a good claim for damages and so could not be stricken out. This is not so. The counter-claim is at once destroyed by the agreement set up in the reply.

As to the majority view with respect to the construction of the fifteen-day clause, the statement of it seems to defeat itself. If, as asserted by defendant, the defective qualities alleged could not be discovered except in the course of manufacture, the certainty that they could be discovered only at the time of such manufacture must have been known to both parties to the contract when made. Moreover, according to the defendant, all the spools were defective and the defect, therefore, would have been discovered upon testing any one spool. As the papers stand, the goods were never rejected, and defendant does not show that the defects were called to plaintiff's attention within a reasonable time.

If this be so, the parties accepted the clause in question with their eyes open and the defendant has no excuse for not making the test, no matter how difficult, within fifteen days.

The judgment should be affirmed.

Judgment reversed.