Wilbur-Dolson Silk Co., Inc., Appellant, *v.* William Wallach Co., Incorporated, Respondent.

First Department, November 2, 1923.

Sales — action to recover purchase price of twisted silk — contract provided that if silk was unsatisfactory it must be rejected within fifteen days — defendant did not reject within period — defense that silk contained latent defects not sufficient in absence of allegation that defendant could not have discovered defects within fifteen days if test had been made.

In an action to recover the purchase price of twisted silk, purchased under a contract which provided that, if the silk was unsatisfactory by reason of uneven twist or other causes, it must be rejected within fifteen days, a defense interposed by the defendant, which did not reject the silk within fifteen days, that the silk contained latent defects, is insufficient in law in the absence of an allegation that the defects were such that they could not physically have been discovered within the fifteen-day period if a test of the silk had been made.

Appeal by the plaintiff, Wilbur-Dolson Silk Co., Inc., from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of

New York on the 21st day of February, 1923, reversing an order of the City Court of the City of New York granting the plaintiff's motion for judgment on the pleadings and the judgment entered pursuant to said order.

*Wise & Ottenberg* [*Irving S. Ottenberg* of counsel], for the appellant.

*Myers & Kutner* [*David C. Myers* of counsel], for the respondent.

FINCH, J.:

The plaintiff moved for judgment under rule 113 of the Rules of Civil Practice and by stipulation of the parties the question to be determined arose upon the counterclaim asserted in the amended answer and the reply thereto. The City Court granted judgment for the plaintiff, which was reversed by the Appellate Term, one justice dissenting. (120 Misc. Rep. 340.) From such determination and order of the Appellate Term, plaintiff appeals by permission of that court.

The action was brought to recover the agreed price of certain twisted silk sold and delivered to defendant pursuant to a written contract. In brief, the question presented by the amended answer and reply was whether the following clause in said contract: " To guard against dissatisfaction owing to uneven twist or other causes, all shipments to be tested by customer, and if unsatisfactory reject within fifteen days," applied to certain latent defects as alleged in the answer. Plaintiff contended, as the defendant had not rejected within the fifteen days, that, therefore, the defendant could not take advantage of any latent defect, and that the following allegation of its amended answer was in law insufficient:

" *Fourth.* That the silk so delivered was on spools and the defects in the same could not be discovered until the spools had been unwound in the ordinary course of manufacturing, and after such thread had been worked into the broad silk together with the raw silk, said defects being latent; that the silk so delivered by the plaintiff and used as above stated caused the finished product to be weak in some spots and heavier in others, and the manufactured article was imperfect by reason of the inferior quality of the silk so delivered by the plaintiff."

For the disposition of this appeal, it is only necessary to note that the defendant does not allege in its answer that the latent defects were of such a nature that physically they could not have been discovered within fifteen days. The mere allegation that the defects were latent does not necessarily carry with it the allegation that such defects could not physically have been discovered within the fifteen-day period if a test had been made. If such were the fact, the defendant would so have to allege and prove. (*Carleton*

v. *Lombard, Ayres & Co.*, 149 N. Y. 137.) In the absence of such an allegation, it is clear that the agreement of the parties foreclosed the right to reject after the expiration of the fifteen-day period. Whether the fifteen-day provision in the contract would apply if the latent defects could not have been discovered within the fifteen days, is not presented for decision.

It follows that the determination of the Appellate Term appealed from should be reversed, with costs, and the order and judgment of the City Court affirmed, with costs.

CLARKE, P. J., DOWLING, MCAVOY and MARTIN, JJ., concur.

Determination of the Appellate Term reversed and judgment and order of the City Court affirmed, with costs to appellant in this court and in the Appellate Term.