S. STROOCK & Co., INC., Respondent, *v.* JOSEPH LICHTENTHAL, INC., Appellant.*

First Department, June 8, 1928.

* Revg. 129 Misc. 288.

*David L. Podell* of counsel [*Mortimer Hays* with him on the brief], for the appellant.

*Louis Salant* of counsel [*Sol M. Stroock* and *Robert D. Steefel* with him on the brief; *Stroock & Stroock*, attorneys], for the respondent.

PROSKAUER, J. The defendant agreed to buy from the plaintiff merchandise described in a series of written contracts as " La Parisienne " cloth. The contracts refer to no sample. They contain a clause reading as follows: " Spongers' or examiners' examinations or reports will not be recognized by us and no claims or allowances, by reason of any examinations or reports, or because of variation in patterns, quality, color, or for any other reason, will be allowed."

Upon the trial the plaintiff took the position that the exculpatory clause above quoted constituted the plaintiff " a judge of what constitutes a good delivery " and that the plaintiff's whole duty was performed when it delivered what it regarded to be La Parisienne cloth. The defendant, on the other hand, squarely contended that in the technical sense there was a sale by sample by reason of the fact that a sample had been exhibited prior to the making of the written contracts. It claimed, therefore, the right both to reject and to counterclaim by reason of variation between the goods delivered and the sample. A large volume of evidence was adduced by the defendant to prove that the goods delivered by the plaintiff were inferior to the sample. The case was tried before a justice without a jury upon a stipulation that a verdict might be directed as though a jury were present. At the conclusion of the trial the trial justice struck from the record all the evidence relating to the defective quality of the merchandise and directed a verdict for the plaintiff. Upon the facts of this case it may well be that the plaintiff will ultimately be entitled to a verdict for the full amount for which it sues. We cannot, however, sustain this judgment upon this record or approve any of the theories of the case adduced by the parties or followed by the trial justice.

We must define the obligation which rested upon the plaintiff by virtue of the written contract. The exculpatory clause was an express stipulation that there were to be no warranties surviving acceptance. The words " no claims or allowances, by reason of any examinations or reports, or because of variation in patterns, quality, color, or for any other reason, will be allowed " clearly mean that the plaintiff was safeguarding itself against one of the very claims asserted by the defendant here, namely, that it could take this

merchandise, cut it up into garments and then ask damage from the plaintiff for breach of warranty. The clause is a bar to any assertion by the defendant of any claim with respect to merchandise which it did not reject.

Likewise we overrule the defendant's contention that this was a sale by sample. The contracts were in writing. They made no reference to a sample. Oral evidence was not admissible to prove a warranty that the bulk should correspond with the sample. And the mere exhibition of a sample during the preliminary negotiations offers no basis for the conclusion that the seller made such warranty. (*American Aniline Products* v. *Mitsui & Co.*, 190 App. Div. 485; *Standard Milling Co.* v. *de Pass*, 154 id. 525; affd., 214 N. Y. 638.)

It does not follow, however, that the plaintiff was the sole judge of what it was to deliver. Its duty was to deliver La Parisienne cloth in a merchantable condition. It was not to deliver any particular kind of La Parisienne cloth, either first quality or second quality. It performed fully if it delivered merchandise fairly to be described as La Parisienne cloth and in a merchantable condition. As to any cloth which it delivered and which the defendant accepted, it was entitled to the purchase price. As to any cloth which it delivered and which the defendant attempted to reject, it was still entitled to recover the purchase price if that cloth was La Parisienne cloth in merchantable condition, inasmuch as the contract specifically provided that the title was to pass when the goods were unconditionally appropriated to the contract at the seller's mill.

Instead of determining these issues, the learned court struck out all the evidence of quality upon the ground that under the exculpatory clause the defendant had to take and pay for whatever was tendered. While there was no warranty surviving acceptance, the evidence was relevant upon the issue not determined by the court as to whether the merchandise delivered was in fact merchantable La Parisienne cloth. There is strong support in the record to justify the plaintiff's contention that it had factually complied with every reasonable requirement of the contract; the defendant, however, is entitled to a judicial determination of this phase of the controversy by the trier of the facts.

As there must be a new trial, we recognize the duty to lay down a rule with reference to the admission in evidence of the sample which it was claimed was exhibited and of the conversations preceding the making of the contracts. Either party had a right to offer oral evidence to elucidate the meaning of the phrase " La Parisienne." This was not a recognized trade name; it was an

appellation given by the plaintiff to a new cloth which it had just devised, and the parties could show the general nature, construction and appearance of what they respectively understood to be described by the phrase " La Parisienne." If a sample itself was used and referred to in the course of such conversation, it would necessarily be admissible in evidence. It should be made clear, however, that the court upon a new trial would not be justified in requiring proof from the plaintiff that the merchandise delivered conformed with this sample in quality. The maximum of plaintiff's duty with respect to the sample would be to deliver in merchantable condition goods of the general character indicated by the sample. It made no warranty that the goods would conform with the sample and it is not obliged to show that the merchandise tendered was the equivalent in excellence of the sample.

The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.